1  Matthew J. Matern, SBN 159798
     mmatern@maternlawgroup.com
2  Scott A. Brooks, SBN 160115
     sbrooks@maternlawgroup.com
3  MATERN LAW GROUP, PC
   1230 Rosecrans Avenue, Suite 200
4  Manhattan Beach, CA  90266
   Telephone:  310.531.1900
5  Facsimile:   310.531.1901

6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 | LUCIO LEMUS, individually, and on      | CASE NO. 2:21-CV-00146 FLA (AFMx)
   | behalf of others similarly situated    |
12 |                                        |
   |                 Plaintiff,             |
13 |                                        |
14 |                 vs.                    | **JOINT STIPULATION RE
   |                                        | PLAINTIFFS' MOTIONS TO
15 | OWENS-BROCKWAY GLASS                   | COMPEL DISCOVERY**
   | CONTAINER, INC., a Delaware            |
16 | corporation; and DOES 1 through 50,    |
17 | inclusive,                             |
18 |                                        | <u>**DISCOVERY MATTER**</u>
19 |                 Defendants.            | <u>**Hearing on Motion to Compel:**</u>
20 |                                        | Date:  October 11, 2022
   |                                        | Time: 10:00 a.m.
21 |                                        | Courtroom: 780
22 |                                        | Disc. Cut-Off:     October 14, 2022
23 |                                        | Pre-Trial Conf:   March 3, 2023
   |                                        | Trial:                   March 14, 2023
24 |                                        |
25
26
27
28

                                   1

1

# TABLE OF CONTENTS

**Page(s)**

PLAINTIFF'S INTRODUCTORY STATEMENT ..............................................8

DEFENDANT'S INTRODUCTORY STATEMENT ..............................................12

    Plaintiff Cannot Maintain A PAGA Claim. ..............................................13

    Plaintiff is not an aggrieved employee. ..............................................15

    Plaintiff Has Not Exhausted Administrative Requirements. ..............................................15

    Any Action Plaintiff May Seek To Maintain Is Untimely. ..............................................16

    Plaintiff Cannot Overcome Employees' Right to Privacy. ..............................................18

REQUESTS FOR PRODUCTION ..............................................20

    Request For Production No. 2: ..............................................20

        RESPONSE TO NO. 2: ..............................................21

        Plaintiff's Contentions and Legal Authority: ..............................................21

        Defendant's Contentions and Legal Authority: ..............................................23

    Request for Production No. 3: ..............................................24

        RESPONSE TO NO. 3: ..............................................24

        Plaintiff's Contentions and Legal Authority: ..............................................25

        Defendant's Contentions and Legal Authority: ..............................................27

    Request for Production No. 4: ..............................................29

        RESPONSE TO NO. 4: ..............................................30

        Plaintiff's Contentions and Legal Authority: ..............................................31

        Defendant's Contentions and Legal Authority: ..............................................33

    Request for Production No. 5: ..............................................34

        RESPONSE TO NO. 5: ..............................................34

        Plaintiff's Contentions and Legal Authority: ..............................................35

        Defendant's Contentions and Legal Authority: ..............................................37

    Request for Production No. 6: ..............................................39

        RESPONSE TO NO. 6: ..............................................39

2

Plaintiff's Contentions and Legal Authority:..........................................40

Defendant's  Contentions and Legal Authority: ...................................42

Request for Production No. 8:.................................................................44

RESPONSE TO NO. 8: .....................................................................44

Plaintiff's Contentions and Legal Authority:..........................................45

Defendant's Contentions and Legal Authority: ...................................47

Request for Production No. 9:.................................................................48

RESPONSE TO NO. 9: .....................................................................48

Plaintiff's  Contentions and Legal Authority:.........................................49

Defendant's  Contentions and Legal Authority: ...................................51

Request for Production No. 10:...............................................................53

RESPONSE TO NO. 10: ...................................................................53

Plaintiff's Contentions and Legal Authority:..........................................54

Defendant's  Contentions and Legal Authority: ...................................56

Request for Production No. 11:...............................................................57

RESPONSE TO NO. 11:....................................................................57

Plaintiff's Contentions and Legal Authority:..........................................58

Defendant's Contentions and Legal Authority: ...................................60

Request for Production No. 12:...............................................................62

RESPONSE TO NO. 12: ...................................................................62

Plaintiff's Contentions and Legal Authority:..........................................63

Defendant's  Contentions and Legal Authority: ...................................64

Request for Production No. 13:...............................................................66

RESPONSE TO NO. 13: ...................................................................66

Plaintiff's Contentions and Legal Authority:..........................................67

Defendant's Contentions and Legal Authority: ...................................69

Request for Production No. 14:...............................................................71

3

RESPONSE TO NO. 14: ............................................................71

Plaintiff's Contentions and Legal Authority:.............................71

Defendant's Contentions and Legal Authority: .....................73

Request for Production No. 15:.................................................73

RESPONSE TO NO. 15: ............................................................74

Plaintiff's Contentions and Legal Authority:.............................74

Defendant's Contentions and Legal Authority: .....................76

Request for Production No. 16:.................................................76

RESPONSE TO NO. 16: ............................................................76

Plaintiff's  Contentions and Legal Authority:..........................77

Defendant's Contentions and Legal Authority: .....................79

Request for Production No. 17:.................................................80

RESPONSE TO NO. 17: ............................................................80

Plaintiff's  Contentions and Legal Authority:..........................81

Defendant's Contentions and Legal Authority: .....................83

Request for Production No. 18:.................................................84

RESPONSE TO NO. 18: ............................................................84

Plaintiff's  Contentions and Legal Authority:..........................85

Defendant's Contentions and Legal Authority: .....................87

Request for Production No. 19:.................................................88

RESPONSE TO NO. 19: ............................................................88

Plaintiff's  Contentions and Legal Authority:..........................89

Defendant's Contentions and Legal Authority: .....................91

Request for Production No. 20:.................................................93

RESPONSE TO NO. 20: ............................................................93

Plaintiff's Contentions and Legal Authority:.............................94

Defendant's Contentions and Legal Authority: .....................95

4

Request for Production No. 21:............................................................97

    RESPONSE TO NO. 21: ......................................................97

    Plaintiff's Contentions and Legal Authority:.......................98

    Defendant's Contentions and Legal Authority: ..................100

Request for Production No. 22:..........................................................101

    RESPONSE TO NO. 22: ....................................................101

    Plaintiff's Contentions and Legal Authority:.....................102

    Defendant's Contentions and Legal Authority: ..................104

Request for Production No. 23:..........................................................106

    RESPONSE TO NO. 23: ....................................................106

    Plaintiff's Contentions and Legal Authority:.....................107

    Defendant's Contentions and Legal Authority: ..................108

Request for Production No. 24:..........................................................110

    RESPONSE TO NO. 24: ....................................................110

    Plaintiff's Contentions and Legal Authority:.....................111

    Defendant's Contentions and Legal Authority: ..................112

Request for Production No. 25:..........................................................114

    RESPONSE TO NO. 25: ....................................................114

    Plaintiff's Contentions and Legal Authority:.....................115

    Defendant's Contentions and Legal Authority: ..................116

Request for Production No. 26:..........................................................118

    RESPONSE TO NO. 26: ....................................................118

    Plaintiff's Contentions and Legal Authority:.....................119

    Defendant's Contentions and Legal Authority: ..................120

Request for Production No. 27:..........................................................122

    RESPONSE TO NO. 27: ....................................................122

    Plaintiff's Contentions and Legal Authority:.....................123

Defendant's Contentions and Legal Authority: ...................................125

Request for Production No. 30: ..........................................................127

RESPONSE TO NO. 30: ..............................................................127

Plaintiff's  Contentions and Legal Authority:......................................128

Defendant's Contentions and Legal Authority: ...................................129

Request for Production No. 31: ..........................................................130

RESPONSE TO NO. 31: ..............................................................131

Plaintiff's  Contentions and Legal Authority:......................................131

Defendant's  Contentions and Legal Authority: ...................................132

Request for Production No. 32: ..........................................................133

RESPONSE TO NO. 32: ..............................................................133

Plaintiff's  Contentions and Legal Authority:......................................133

Defendant's  Contentions and Legal Authority: ...................................134

SPECIAL INTERROGATORIES ...........................................................134

Special Interrogatory No. 1: ...............................................................134

RESPONSE TO NO. 1: ................................................................134

Plaintiff's Contentions and Legal Authority:......................................135

Defendant's  Contentions and Legal Authority: ...................................136

Special Interrogatory No. 4: ...............................................................137

RESPONSE TO NO. 4: ................................................................137

Plaintiff's Contentions and Legal Authority:......................................138

Defendant's Contentions and Legal Authority: ...................................140

Special Interrogatory No. 6: ...............................................................141

RESPONSE TO NO. 6:................................................................141

Plaintiff's Contentions and Legal Authority:......................................142

Defendant's Contentions and Legal Authority: ...................................144

Special Interrogatory No. 7:................................................................145

1

RESPONSE TO NO. 7:............................................................146

Plaintiff's Contentions and Legal Authority:......................................146

Defendant's Contentions and Legal Authority: ...................................148

Special Interrogatory No. 8:..........................................................150

RESPONSE TO NO. 8:............................................................150

Plaintiff's Contentions and Legal Authority:......................................151

Defendant's Contentions and Legal Authority: ...................................152

Special Interrogatory No. 9:..........................................................154

RESPONSE TO NO. 9:............................................................154

Plaintiff's Contentions and Legal Authority:......................................155

Defendant's Contentions and Legal Authority: ...................................157

Special Interrogatory No. 10:.........................................................158

RESPONSE TO NO. 10:...........................................................158

Plaintiff's Contentions and Legal Authority:......................................159

Defendant's Contentions and Legal Authority:…… ..........................160

Special Interrogatory No. 11:.........................................................162

RESPONSE TO NO. 11:...........................................................162

Plaintiff's  Contentions and Legal Authority:......................................163

Defendant's Contentions and Legal Authority: ...................................164

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In accordance with Local Rule 37-2, plaintiff Lucio Lemus, Jr. successor in interest to plaintiff Lucio Lemus ("Plaintiff") and Owens-Brockway Glass Container, Inc. ("Defendant") (collectively, the "Parties"), submit this Joint Stipulation regarding Plaintiff's motions to compel: (1) Defendant to produce supplemental responses to Plaintiff's Interrogatories; and (2) Defendant to produce supplemental responses to Plaintiff's Requests for Production along with actual production.

## PLAINTIFF'S INTRODUCTORY STATEMENT

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests this Court compel Defendants to provide further discovery responses and documents as set forth below.

Plaintiff filed a class action complaint alleging claims under California state law for: (1) failure to provide meal periods; (2) failure to provide rest breaks; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to pay all wages due at separation; (6) failure to maintain required records; (7) failure to furnish accurate, itemized wage statements; (8) failure to indemnify employees for necessary expenses; (9) unfair business practices; and (10) seeking penalties under the Private Attorneys General Act ("PAGA"). The PAGA involves the following legal issues:

(a)  Whether Defendant failed to provide, or authorize and permit, meal and rest breaks to Plaintiff and the putative class members in violation of Labor Code § 226.7 and the applicable I.W.C. Wage Order;

(b)  Whether Defendant failed to pay Plaintiff and the putative class members all wages owed, including regular and overtime wages;

(c)  Whether Defendant failed to pay Plaintiff and the putative class members all wages owed on termination in violation of Labor Code § 203;

(d)  Whether Defendant failed to provide Plaintiff and the putative class members with accurate itemized wage statements in violation of Labor Code § 226;

(e)  Whether Defendant failed to reimburse Plaintiff and other putative class members for all necessary business expenses;

(f)  Whether Defendant's alleged employment practices are unlawful, unfair or fraudulent under Business & Professions Code § 17200, *et seq.*;

(g)  Whether Plaintiff and other employees can recover penalties under the PAGA, California Labor Code § 2698, *et seq.*.

Plaintiff served his first set of Interrogatories and Requests for Production on June 11, 2021. Defendant served responses to Plaintiff's Interrogatories and Requests for Production on September 10, 2021. **While Defendant represented in many of its initial responses to the Requests for Production that it would produce documents it has never done so.**

On July 21, 2022, Plaintiff sent Defendant a meet-and-confer letter requesting that Defendant amend and supplement its discovery responses with actual production, or participate in a conference of counsel pursuant to L.R. 37-1.[1]

On August 2, 2022, the Parties had a telephonic[2] pre-filing conference of counsel pursuant to Local Rule 37-1, during which the Parties were unable to resolve the disputes set forth below.

**As a result of the meet and confer process, Defendant represented it would provide amended responses and/or produce documents as to some discovery but it has not done so.**

As to the remaining discovery in dispute, Defendant will not provide amended or supplemental responses nor production. The materials sought in the requests for

---

[1] A true and correct copy of Plaintiff's July 21, 2022 meet-and-confer letter is attached to the Declaration of Scott A. Brooks as Exhibit A.

[2] Defendant's counsel that participated in the conference is located in San Francisco, California and Plaintiff's counsel is located in Manhattan Beach, California.

production is basic and fundamental in any wage and hour action, e.g., time records, payroll records, and meal period and rest break policies. While over and over, Defendant asserted form objections to producing these materials and underlying information, including on the basis of relevance, those objections are patently conflicting with Defendant's initial disclosures. In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Plaintiffs personnel files...Plaintiffs payroll records and wage statements...Plaintiffs time cards...Personnel files for putative class members... Payroll records and wage statements for putative class members... Time cards for putative class members...Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements."

The Court should compel Defendant to provide amended responses to Plaintiff's Requests for Production, because they fail to abide by the requirements of Federal Rules of Civil Procedure 34(b)(2)(B)-(C). Specifically, Defendant's responses fail to state whether the request will be permitted or state whether responsive materials are being withheld on the basis of objections. *See* 2015 Amendment to Federal Rule of Civil Procedure 34. In addition, Defendant does not state whether it is able comply with Plaintiff's discovery responses, and if not, why not. *Milner v. National School of Health Technology*, 73 F.R.D. 628, 632-633 (E.D. PA 1977). In fact, in response to Requests for Production Nos. 6-8, 16,19, 24, and 27, Defendant does not even state whether or not it is producing responsive documents. *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

Many of the objections are boilerplate and repeated verbatim from response to response despite being plainly without basis. For instance, Plaintiff requests an exemplar waiver of meal periods and rest breaks that Defendant used to which Defendant objects on the basis of attorney client privilege, work product, trade secret

1   and confidentiality. But waivers used by an employee and employer cannot possibly be

2   subject to any of those privileges as they are provided for by statute and Industrial

3   Welfare Commission Wage Order and consistently used by employers to excuse

4   compliance with California's meal period requirement and in fact can be viewed as

5   part of those requirements under the mandated circumstances.

6        The Court should also require that Defendant produce documents related to

7   Plaintiff's PAGA claim and underlying predicate violations. Defendant has

8   alternatively, refused to produce documents related to the PAGA claim, or limited its

9   responses to Plaintiff. The Court should also require that Defendant produce aggrieved

10  employees' time records and wage statements because those documents cannot be

11  withheld based on privacy objections when they go to the heart of the case. *Salgado v.*

12  *O'Lakes*, No. 1:13–CV–0798–LJO–SMS, 2014 WL 7272784 at *9 (E.D. Cal. Dec. 18,

13  2014). To the extend that there is any legitimate privacy interests at stake, it is easily

14  handled by a protective order.

15       The Court should also compel Defendant to provide complete and responsive

16  answers to Plaintiff's interrogatories which seeks similar information. The Court

17  should compel Defendant to produce the names, contact information, and positions of

18  aggrieved employees because this information may be sufficiently protected by a

19  protective order, to which Plaintiff stated he would agree, as part of the meet and

20  confer. As the court in *Goro v. Flowers Foods, Inc.*, 2018 WL 3956018 (S.D. Cal.

21  Aug. 17, 2018) recently explained, "courts in [the Ninth] circuit have held that a

22  protective order…sufficiently protects putative class members and aggrieved

23  employees in the confidentiality of their contact information." *Id.* at *9; *see also*

24  *Austin v. Foodliner, Inc.*, 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018) (holding

25  *Belaire-West* notice was not required when plaintiffs requested putative class members

26  and PAGA aggrieved employees' telephone numbers because a protective order would

27  sufficiently protect the privacy interests at stake); *Minns v. Advanced Clinical*

28

*Employment Staffing LLC*, 2014 WL 4352343, at *2 (N.D. Cal. May 9, 2014) ("Courts have held that producing discovery pursuant to a protective order is one way to protect the privacy interests of putative class members."); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (collecting cases); *Currie-White v. Blockbuster, Inc.*, 2010 WL 1526314 at *4 (N.D. Cal. April 15, 2010) (finding that a protective order adequately address privacy concerns).

Defendant failed to provide responses to Plaintiff's interrogatories including those seeking information about:

(a) the addresses of facilities operated by Defendant in California (relevant to determining the scope of the PAGA claim);

(b) the policies with respect to hours worked (relevant to Plaintiff's daily overtime, meal and rest break claims);

(c) the meal period and rest break policies; and

(d) the identity and contact information for aggrieved employees.

The Court should also compel Defendant to provide complete and responsive answers to Plaintiff's interrogatories.

## DEFENDANT'S INTRODUCTORY STATEMENT

Lucio Lemus Sr. filed this action on November 13, 2020.  Thereafter, on October 2, 2021, Mr. Lemus Sr. died.  On March 2, 2022, after not receiving confirmation that Plaintiff's counsel represented a suitable substitute for Mr. Lemus Sr., Defendant filed a Statement of Fact of Death, informing the Court of Mr. Lemus Sr.'s death.  (Dkt. 16).  On May 2, 2022, Plaintiff's counsel filed a Motion for Substitution of Party Under F.R.Civ.P. 25 (Dkt. 26).  In that Motion, Plaintiff's counsel sought to substitute Lucio Lemus Jr. as the Plaintiff in this matter.  On June 21, 2022, the Court entered an order granting the motion to substitute Mr. Lemus Jr. as the Plaintiff.  (Dkt. 30).  Defendant refers to Mr. Lemus Jr. hereinafter as "Plaintiff."

1   Plaintiff's deadline for a hearing on class certification was June 17, 2022.
2   Plaintiff appears to concede that he no longer seeks to represent a class of employees
3   in connection with this case.  Instead, it appears that Plaintiff intends to pursue a
4   representative action under the Private Attorneys General Act ("PAGA").[3]  He cannot
5   do so.

6   **_Plaintiff Cannot Maintain A PAGA Claim._**  First, Plaintiff cannot maintain a
7   PAGA action instituted by his father.  The California Supreme Court has held that
8   PAGA claims are not assignable:

9
10   A cause of action is transferable, that is assignable, by its owner if it
11   arises out of a legal obligation or a violation of a property right.  The
12   Labor Code Private Attorneys General Act of 2004 **_does not create_**
13   **_property rights or any other substantive rights_**.  Nor does it impose
14   any legal obligations.  It is simply a procedural statute allowing an
15   aggrieved employee to recover civil penalties—for Labor Code
16   violations—that otherwise would be sought by the state labor law
17   enforcement agencies.  As we have held in the past, the right to
18   recover a statutory penalty may not be assigned.  Therefore, under the
19   Labor Code Private Attorneys General Act of 2004 an aggrieved

20
21   [3]   Plaintiff notes in this Joint Stipulation that he is limiting the "COVERED PERIOD"
22   to November 13, 2019 forward.  However, Lemus Sr. did not submit his PAGA letter
23   to the Labor and Workforce Development Agency ("LWDA") until December 1, 2020.
24   As such, the relevant period for Lemus Sr.'s PAGA claim is December 1, 2019
25   forward.  *See Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1192 (E.D. Cal. 2017
26   (where LWDA notice was submitted after filing the original complaint, the statute of
27   limitations was one year prior to the date of the notice, rather than one year from the
28   filing of the original complaint).

1  employee *cannot assign a claim for statutory penalties because the*
2  *employee does not own an assignable interest*.

3
4  *Amalgamated Transit Union,* 46 Cal. 4th at 1003 (2009) (emphasis added) (internal
   citations omitted).

5
6  Other courts have held similarly in refusing to allow the substitution of a new
7  plaintiff in cases involving a deceased PAGA representative.  *See Hargrove v. Legacy*
8  *Healthcare, Inc*., 80 Cal. App. 5th 782, 792 (2022) (affirming order denying
9  substitution of proposed plaintiff who lacked standing to pursue deceased plaintiff's
10  PAGA claims; "Hargrove's counsel sought to avoid the harsh reality of the termination
11  of Hargrove's PAGA claim—due to her death—by attempting to assign the claim to
12  Cornell under the guise of an amended pleading to substitute the representative PAGA
13  plaintiff.  However, this is not possible under the facts of this case."); *Estate of*
14  *Harrington v. Marten Transport, Ltd*., 2017 WL 5513635, *1 (C.D. Cal. 2017)
15  ("Donald Harrington's claim under the Private Attorneys General Act *does not survive*
16  *his death and may not be transferred to or maintained by the newly named*
17  *Plaintiffs*.")  (emphasis added).
18  The Ninth Circuit has similarly observed:

19
20  Even if an additional party could have satisfied PAGA's aggrievement
21  and procedural requirements, *Plaintiffs have cited no authority—and*
22  *we have located none—explaining why the district court was*
23  *obligated to permit the addition or substitution of PAGA*
24  *representatives*.  Plaintiffs invoke authorities holding that district
25  courts may permit substitution of class representatives in ordinary
26  class action cases, but that comparison is unavailing . . . . as we have
27  explained, 'a PAGA suit is fundamentally different than a class action.
   *Mendoza v. Nordstrom, Inc.*, 865 F.3d 1261, 1266 (9th 2017) (emphasis added).
28

14

Lemus Sr.'s PAGA claim cannot be assigned to Plaintiff, nor did the PAGA claim survive Lemus Sr.'s death. As such, Plaintiff cannot pursue the representative action originally brought by Lemus Sr., and that claim must be dismissed.

***Plaintiff is not an aggrieved employee.*** Second, Plaintiff has no standing to pursue a PAGA claim because he is not an "aggrieved employee." An "'aggrieved employee' means any person **who was employed by the alleged violator** and against whom **one or more of the alleged violations was committed**." Cal. Lab. Code § 2699(c) (emphasis added); *see also Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 387 (2014) ("In crafting the PAGA, the Legislature could have chosen to deputize citizens who were not employees of the defendant employer to prosecute qui tam actions. The Legislature **instead chose to limit qui tam plaintiffs to willing employees who had been aggrieved by the employer** in order to avoid 'private plaintiff abuse.'") (emphasis added); *Amalgamated Transit Union Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1005 (2009) ("a plaintiff has standing to bring an action under the Labor Code Private Attorneys General Act of 2004 **only if the plaintiff is an 'aggrieved employee**. Associations suing under [PAGA] **are not exempt from these express statutory standing requirements**.'") (emphasis added) (internal citations omitted).

Here, it is undisputed that Plaintiff was ***never*** employed by Owen-Brockway, and as such could not have experienced ***any*** alleged Labor Code violations. As such, Plaintiff lacks standing to act as a PAGA representative.

***Plaintiff Has Not Exhausted Administrative Requirements.*** Third, even assuming Plaintiff could maintain a PAGA action in his own right (which he cannot do, as he is not an aggrieved employee), Plaintiff has not exhausted the administrative requirements for bringing a PAGA action. Before bringing a PAGA action, the statute requires that "[t]he aggrieved employee or representative shall give written notice by online filing with the Labor and Workforce Development Agency and by certified mail

to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1) (emphasis added).

"PAGA's pre-filing notice requirement is a ***mandatory precondition*** to bringing a PAGA claim." *Esparza v. Safeway, Inc.*, 36 Cal. App. 5th 42, 59 (2019); *see also Hutchison v. Superior Court*, 74 Cal. App. 5th 932, 941 (2022) (allowing substitution of ***qualified plaintiff*** to act as PAGA representative; "The submission of notice to the LWDA and the employer ***is a mandatory precondition for acting as plaintiff in a PAGA suit***, and Hutcheson met that requirement before he became a plaintiff in his own suit, and before he became a plaintiff in the suit that Van Steenhuyse had filed. We see no bar to Van Steenhuyse, who acts as a proxy of the LWDA, substituting a ***qualified plaintiff*** to take his place as the LWDA's proxy.") (emphasis added).

Here, Lemus Sr. submitted a letter to the LWDA on December 1, 2020. Plaintiff, however, has never submitted such a letter. Nor can he do so, as he was never employed by Owens-Brockway and cannot claim to have suffered any sort of alleged Labor Code violation. As such, Plaintiff is not a qualified plaintiff to pursue Lemus Sr.'s PAGA action, and does not have standing to act as a PAGA representative.

***Any Action Plaintiff May Seek To Maintain Is Untimely.*** Fourth, even assuming that Plaintiff could now submit a letter to the LWDA to pursue a PAGA action (which, as discussed above, he cannot), any claim he may seek to bring premised on his father's employment would be untimely. Mr. Lemus Sr. died on October 2, 2021, and had been on leave prior to his death, having not worked since approximately June 25, 2020. As Plaintiff has not exhausted the required administrative procedures within one year of any alleged Labor Code violation his father may have claimed to experience, Plaintiff cannot assert a PAGA claim premised on his father's employment now. *See* Cal. Lab. Code § 2699.3(a)(1)(A) ("A civil

1   action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 . . .

2   ***shall commence only after*** . . . [t]he aggrieved employee or representative shall give

3   written notice . . . with the Labor and Workforce Development Agency and by certified

4   mail to the employer . . . .") (emphasis added); *Bush v. Vaco Technologies Services,*

5   *LLC*, 2018 WL 2047807, *12 (N.D. Cal. 2018) ("A claim for civil penalties under

6   PAGA is governed by a one-year statute of limitations."); Cal. Code Civ. Proc., §

7   340(a) (action for penalties must be brought within one year).

8        Plaintiff also cannot rely on his father's notice to the LWDA to toll the statute of

9   limitations. *Estate of Harrington v. Marten Transport, Ltd*. is instructive.  There,

10  plaintiff Harrington brought a PAGA action, but died while it was pending.  The court

11  wrote:

12
13       Donald Harrington's claim under the Private Attorneys

     General Act does not survive his death and may not be

14       transferred to or maintained by the newly named Plaintiffs.

15       ***Nor have Plaintiffs timely complied with the administrative***

16       ***exhaustion requirements of the Private Attorneys General***

17       ***Act statute such that they can maintain a new claim under***

18       ***the statute***.

19
20  *Estate of Harrington v. Marten Transport, Ltd*., 2017 WL 5513635, *1 (C.D. Cal.

21  2017) (emphasis added).  The court further held that the *Harrington* action did not toll

22  the limitations period for bringing a PAGA action, writing that "PAGA actions are not

23  class actions, ***and the tolling principles that apply in the class action context have no***

24  ***place in a PAGA action***."  *Id*. at *6 (emphasis added).  As a result, the court dismissed

25  the PAGA claim without leave to amend.  *Id*. at *7-8.

26       Other courts have held similarly.  *See Hargrove*, 80 Cal. App. 5th at 792

27  ("Cornell does not qualify as an 'aggrieved employee' for the purposes of Hargrove's

28  2016 PAGA claims and, therefore, is unable to comply with the prefiling notice for the

2016 PAGA claims.  To allow her to rely on the relation-back doctrine would provide administrative compliance that does not exist."); *Bush v. Vaco Technologies Services, LLC*, 2018 WL 2047807 at *14 ("In sum, Bush's unsupported argument that the statute of limitations should be tolled by the timely filing of Carroll's claims in the *Trujillo* action cannot be squared with the clear legal principles underlying PAGA.  The Court recognizes that Bush is frustrated by Google's resolution of Carroll's individual claims in the *Trujillo* Action, but that tactic ***does not obviate the requirement that a representative plaintiff must timely comply with PAGA's administrative requirements***.") (emphasis added).

Plaintiff cannot act as the representative in a PAGA action brought by his father, as PAGA claims may not be assigned, and because Lemus Sr.'s PAGA claim did not survive his death.  Plaintiff also does not have standing to pursue any PAGA action against Owens-Brockway, as he was never employed by the entity and never experienced any alleged Labor Code violation.  Moreover, Plaintiff has not exhausted the administrative requirements necessary to maintain a PAGA action, and any letter he may now seek to submit based on his father's employment would be untimely.  As Plaintiff cannot maintain a PAGA action, he has no standing to seek discovery as to any individual other than his father.

**_Plaintiff Cannot Overcome Employees' Right to Privacy._**  "The state Constitution expressly grants Californians a right of privacy.  Protection of informational privacy is the provision's central concern." *Williams v. Superior Court*, 3 Cal. 5th 531, 552, 554 (2017); Cal. Const., Art. 1, § 1 ("inalienable rights" include "privacy.").  Courts recognize that employees have a privacy interest in their personal contact information.  *See Williams*, 3 Cal. 5th at 552, 554 ("To be sure, absent employees have a bona fide interest in the confidentiality of their contact information."); *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554, 561 (2007) ("The contact information for Belaire-West's current and former

employees ***deserves privacy protection***. . . . It is most probable that the employees gave their addresses and telephone numbers to their employer with the expectation that it ***would not be divulged externally*** . . . . This is a reasonable expectation in light of employer's usual confidentiality customs and practices.") (emphasis added); *see also Starbucks Corp. v. Sup. Ct.*, 194 Cal. App. 4th 820, 828 (2011) ("Far form protecting the public's interest, precertification class discovery will harm the putative class members' protected privacy rights . . .").

The *Williams* court specifically approved the use of *Belaire-West* notices in PAGA actions. *Williams*, 3 Cal. 5th at 559 ("The privacy interests of fellow employees elsewhere in California could have been addressed by conditioning discovery on a Belaire-West notice, as was done for discovery of contact information of employees at Williams's own store.").

Notably, while *Williams* states that the "default position" is that contact information of aggrieved employees is discoverable, the California Supreme Court also recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.

As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway must be denied.

On August 2, 2022, the Parties met and conferred regarding Plaintiff's discovery requests.  During that meet and confer, Defendant agreed to produce documents specific to Plaintiff's father's employment during the relevant time period.  Defendant produced documents on September 12, 2022.  During the meet and confer, Defendant

19

also explained that Plaintiff had no standing to represent other employees in a PAGA action, and stated that it would not agree to produce information as to any individual other than Plaintiff's father.

## REQUESTS FOR PRODUCTION

**Request For Production No. 2:**

All DOCUMENTS which describe or evidence all locations in California where COVERED EMPLOYEES work during the COVERED PERIOD.[4]

[Definitions:

"COVERED EMPLOYEES" means all persons employed by Defendant OWENS-BROCKWAY GLASS CONTAINER, INC. in non-exempt positions in California during the COVERED PERIOD.

"COVERED PERIOD" means the time period of November 13, 2016 to the present.

"DOCUMENT" or "DOCUMENTS" mean all documents, writings, electronically stored information, or things within the scope of Federal Rule of Civil Procedure 34(a), including notes, correspondence, messages, minutes, memoranda, reports, communications, letters, photographs, images, models, telegrams, microfilm, data, data compilations, calendars, appointment books, diaries, drafts (whether used or not), electronic media, facsimiles, text files, charts, maps, web postings, web pages, ledgers, sound or image recordings, computer discs, computer printouts, electronic mail, or any other form of "writing" as defined in Federal Rule of Evidence 1001. The words "DOCUMENT" or "DOCUMENTS" further include all copies where the copy is not identical to the original.]

///

---

[4] Plaintiff agrees to limit the COVERED PERIOD for each request to the PAGA period (November 13, 2019 to the present).

20

**RESPONSE TO NO. 2:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "describe," "evidence," and "COVERED EMPLOYEES." Defendant objects to this request on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

**Plaintiff's Contentions and Legal Authority:**

In response to Interrogatory no. 1 which sought similar information, Defendant responded, "From November 13, 2016 to the present, Defendant's California non-exempt employees have worked at facilities located in Tracy, Fairfield, and Los Angeles." This suggests that Defendant understands that the information sought is properly subject to discovery. However, Defendant still does not provide the addresses of its locations where aggrieved employees work(ed).

Defendant's "general objections" which it incorporates into each response violate Rule 34(b)(2)(B) which requires objections to state with specificity both the basis and reasons for an objection.

This request seeks information about the location of evidence relevant to Plaintiff's claims. Defendant refuses to provide the requested information. Plaintiff is entitled to know when Defendant operated these locations so it can determine the scope of the PAGA claim and aggrieved employees.  Plaintiff is also entitled to know the address of these business locations, because relevant evidence is located at the business locations.

The terms "All DOCUMENTS," "describe," "evidence," and "COVERED EMPLOYEES" are either defined or of common usage.

As with each item of discovery in dispute, Plaintiff agrees to limit the request to the PAGA period (November 13, 2019 to the present).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. *Huff v. Securitas Security Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

**Defendant's Contentions and Legal Authority:**

Plaintiff cannot maintain his father's PAGA claim because the PAGA action did not survive his father's death, and is non-assignable. *See Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1. Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005. Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action. *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941. Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely. *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father. Moreover, Californians have a constitutionally-protected right to privacy. *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552. The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559. The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added). Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State

of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS" reflecting the locations where "COVERED EMPLOYEES" worked.  If Plaintiff simply seeks the addresses of locations, there is no justification for Plaintiff to request "all DOCUMENTS."  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.

The request also seeks irrelevant documents and information.  As Plaintiff cannot maintain a PAGA action, the locations at which other employees worked is not relevant to this case.  The address of the location at which Plaintiff worked is also not relevant to Plaintiff's investigation of his father's alleged claims, but in any event Plaintiff is aware of his father's former work location.

**Request for Production No. 3:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to YOUR policies, procedures or practices regarding the provision, timing and enforcement of rest periods for COVERED EMPLOYEES during the COVERED PERIOD.

[Definition: "DEFENDANT," "YOU," and "YOUR," mean Defendant OWENS-BROCKWAY GLASS CONTAINER, INC. and each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf.]

**RESPONSE TO NO. 3:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute," "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES."

1   Defendant objects to the term "YOUR" on the grounds that it includes entities or

2   individuals other than Defendant Owens-Brockway Glass Container, Inc.  To the extent

3   Defendant responds to a request, it does so for itself alone and no other entity or

4   individual. Defendant objects to this request to the extent that it seeks documents that

5   are neither relevant nor reasonably calculated to lead to the discovery of admissible

6   evidence. Defendant objects to this request on the grounds that it is overbroad and

7   unduly burdensome as to time and scope and responding to this request would be

8   unreasonably time consuming, burdensome, unfair and disproportionate to the needs of

9   the case. Defendant further objects to this request on the grounds that it fails to describe

10   with reasonable particularity the item or category of items to be inspected as required

11   by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this

12   request to the extent that it seeks confidential, proprietary, and/or trade secret

13   information. Defendant objects to this request on the grounds that it is premature, as

14   Plaintiff has not shown this action may be maintained on a class or representative basis.

15   Defendant further objects to this request on the grounds that it seeks information

16   outside of the location at which Plaintiff worked.  Defendant objects to this request to

17   the extent that it calls for information protected from disclosure by the attorney-client

18   privilege, the attorney-work-product doctrine, and/or other applicable privileges.

19   **Plaintiff's Contentions and Legal Authority:**

20       Defendant stated it would, "produce its policies related to meal periods and rest

21   breaks, and the collective bargaining agreements applicable to Plaintiff's position, that

22   have been in effect during the time period from November 13, 2016 to the present," but

23   it has not done so. At minimum, it should be compelled to comply with its response.

24       In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

25   documents "that Defendant may use to support its claims or defenses in this action," and

26   listed, "Defendant's relevant employment policies, including those governing meal

27   periods, rest breaks,  timekeeping, and expense reimbursements."

28

Thus, Defendant admits that the meal period policies sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence. See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute," "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES are either defined or of common usage.

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety. As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested. As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The objection that "YOUR" includes uninterested persons or entities is nonsense. As the definition make plain, the term is defined to only include those acting on behalf of Defendant Owens-Brockway Glass Container, Inc.

1    The objections on the bases of attorney client privilege, work product, trade
2    secret, proprietary or confidentiality are equally unsupportable. Defendants' meal
3    period policies and practices are a matter of state mandate and are hardly secret, and
4    the objections are form and unsupportable.

5    The notion that an employer can avoid discovery on a PAGA claim because the
6    aggrieved employee has not shown that the claim can be "maintained" on a
7    representative basis is without support and is contrary to the expansive view of a
8    PAGA claim held by the California Supreme Court as well as its express declination to
9    subject PAGA claims to class certification requirements. *Huff v. Securitas Security*
10   *Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that
11   Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to
12   test such an assertion which can only be done through discovery of the relevant
13   information.

14   In light of the foregoing, Plaintiff intends to seek an Order that all objections,
15   including those based on privilege, be deemed waived or be overruled and that
16   Defendant produce *all* documents "as requested" and properly identify them under
17   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions
18   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

19   **Defendant's Contentions and Legal Authority:**

20   Defendant has produced the collective bargaining agreement and meal and rest
21   break policy applicable to Lemus Sr.'s employment during the relevant time period.  To
22   the extent Plaintiff seeks additional documents related to other employees, he cannot do
23   so.

24   Plaintiff cannot maintain his father's PAGA claim because the PAGA action did
25   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,
26   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at
27   1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing
28

1  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never
2  employed by Owens-Brockway, did not experience any alleged Labor Code violations,
3  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.
4  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,
5  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he
6  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.
7  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th
8  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA
9  action (which he cannot), any claim he now seeks to maintain based on his father's
10 employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.
11 Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL
12 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

13 Because Plaintiff lacks standing to represent any other employee in a PAGA
14 action, he cannot seek discovery as to any employee other than his father.  Moreover,
15 Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,
16 § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact
17 information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.
18 App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that
19 ***in a particular case there may be special reason to limit or postpone a representative***
20 ***plaintiff's access to contact information for those he or she seeks to represent***[.]"
21 *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff
22 lacks standing to represent *any* employee of Owens-Brockway, and has not been
23 deputized by the State of California to do so.  As Plaintiff cannot represent Owens-
24 Brockway employees in this matter, there is no countervailing interest to those
25 employees' privacy rights that would militate in favor of producing their confidential
26 information.  Accordingly, all discovery as to any employee of Owens-Brockway (other
27 than Plaintiff's father) must be denied.  Because Plaintiff lacks standing to represent any

28

other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.   Moreover, Californians have a constitutionally-protected right to privacy.   *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact information.   *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.   The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]"   *Williams*, 3 Cal. 5th at 544 (emphasis added).   Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.   As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.   Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer or relate" to the requested policies.   Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.   The definition of "YOUR" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf."   Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 4:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to YOUR policies, procedures or practices regarding the provision, timing and enforcement of meal periods for COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 4:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute," "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES." Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc.  To the extent Defendant responds to a request, it does so for itself alone and no other entity or individual. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked.  Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce its policies related to meal periods and rest breaks, and the collective bargaining agreements applicable to Plaintiff's position, that have been in effect during the time period from November 13, 2016 to the present.

**Plaintiff's Contentions and Legal Authority:**

Defendant stated it would, "produce its policies related to meal periods and rest breaks, and the collective bargaining agreements applicable to Plaintiff's position, that have been in effect during the time period from November 13, 2016 to the present," but it has not done so. At minimum, it should be compelled to comply with its response.

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements."

Thus, Defendant admits that the meal period policies sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence. See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety. As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested. As the responding party, Defendant does not get to decide when it produces the requested documents.

31

1   FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d
2   1198, 1205 (1st Cir. 1994).

3       The terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute,"
4   "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES"
5   are either defined or of common usage.

6       The objection that "YOUR" includes uninterested persons or entities is
7   nonsense. As the definition make plain, the term is defined to only include those acting
8   on behalf of Defendant Owens-Brockway Glass Container, Inc.

9       The objections on the bases of attorney client privilege, work product, trade
10   secret, proprietary or confidentiality are equally unsupportable. Defendants' meal
11   period policies and practices are a matter of state mandate and are hardly secret, and
12   the objections are form and unsupportable.

13       The notion that an employer can avoid discovery on a PAGA claim because the
14   aggrieved employee has not shown that the claim can be "maintained" on a
15   representative basis is without support and is contrary to the expansive view of a
16   PAGA claim held by the California Supreme Court as well as its express declination to
17   subject PAGA claims to class certification requirements. *Huff v. Securitas Security*
18   *Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that
19   Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to
20   test such an assertion which can only be done through discovery of the relevant
21   information.

22       In light of the foregoing, Plaintiff intends to seek an Order that all objections,
23   including those based on privilege, be deemed waived or be overruled and that
24   Defendant produce *all* documents "as requested" and properly identify them under
25   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions
26   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).
27   ///
28

1  **Defendant's  Contentions and Legal Authority:**

2      Defendant has produced the collective bargaining agreement and meal and rest

3  break policy applicable to Lemus Sr.'s employment during the relevant time period.  To

4  the extent Plaintiff seeks additional documents related to other employees, he cannot do

5  so.

6      Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

7  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

8  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

9  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

10  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

11  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

12  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

13  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

14  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

15  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

16  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

17  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

18  action (which he cannot), any claim he now seeks to maintain based on his father's

19  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

20  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

21  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

22      Because Plaintiff lacks standing to represent any other employee in a PAGA

23  action, he cannot seek discovery as to any employee other than his father.  Moreover,

24  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

25  § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

26  information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

27  App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

28

*in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer or relate" to the requested policies.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.  The definition of "YOUR" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 5:**

All DOCUMENTS which discuss, describe, evidence, refer or relate to YOU providing MEAL PERIOD PREMIUMS to COVERED EMPLOYEES during the COVERED PERIOD.

[Definition:

**RESPONSE TO NO. 5:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute," "refer," "relate," and "COVERED EMPLOYEES."  Defendant objects to the term "YOU" on the grounds that it includes entities or individuals other than Defendant Owens-

Brockway Glass Container, Inc.  To the extent Defendant responds to a request, it does so for itself alone and no other entity or individual.  Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case.  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information.  Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce its policies related to meal periods and rest breaks, and California Meal and Rest Break Premium Request Form, that have been in effect during the time period from November 13, 2016 to the present.

**Plaintiff's Contentions and Legal Authority:**

Defendant stated it would "produce its policies related to meal periods and rest breaks, and California Meal and Rest Break Premium Request Form, that have been in effect during the time period from November 13, 2016 to the present," but it has not done so. At minimum, it should be compelled to comply with its  response.

///

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements."

Thus, Defendant admits that meal period policies and payroll records and wage statements, sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Each of these items necessarily includes or is inextricably intertwined with meal period premiums which are the payments for noncompliant meal periods and meal period violations. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence. See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety. As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested. As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

1   The objection that "YOU" includes uninterested persons or entities is nonsense.

2   As the definition make plain, the term is defined to only include those acting on behalf

3   of Defendant Owens-Brockway Glass Container, Inc.

4   The terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute,"

5   "refer," "relate," and "COVERED EMPLOYEES" are either defined or of common

6   usage.

7   The objections on the bases of attorney client privilege, work product, trade

8   secret, proprietary or confidentiality are equally unsupportable. Defendants' meal

9   period policies and practices are a matter of state mandate and are hardly secret, and

10   the objections are form and unsupportable.

11   The notion that an employer can avoid discovery on a PAGA claim because the

12   aggrieved employee has not shown that the claim can be "maintained" on a

13   representative basis is without support and is contrary to the expansive view of a

14   PAGA claim held by the California Supreme Court as well as its express declination to

15   subject PAGA claims to class certification requirements. *Huff v. Securitas Security*

16   *Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that

17   Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

18   test such an assertion which can only be done through discovery of the relevant

19   information.

20   In light of the foregoing, Plaintiff intends to seek an Order that all objections,

21   including those based on privilege, be deemed waived or be overruled and that

22   Defendant produce *all* documents "as requested" and properly identify them under

23   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

24   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

25   **Defendant's  Contentions and Legal Authority:**

26   Defendant has produced the meal and rest break policy and California Meal and

27   Rest Break Premium Request Form applicable to Lemus Sr.'s employment during the

28

1   relevant time period.  To the extent Plaintiff seeks additional documents related to other
2   employees, he cannot do so.

3   　　　Plaintiff cannot maintain his father's PAGA claim because the PAGA action did
4   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,
5   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at
6   1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing
7   to pursue the PAGA claim alleged in the complaint, because Plaintiff was never
8   employed by Owens-Brockway, did not experience any alleged Labor Code violations,
9   and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.
10  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,
11  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he
12  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.
13  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th
14  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA
15  action (which he cannot), any claim he now seeks to maintain based on his father's
16  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.
17  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL
18  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

19  　　　Because Plaintiff lacks standing to represent any other employee in a PAGA
20  action, he cannot seek discovery as to any employee other than his father.  Moreover,
21  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,
22  § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact
23  information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.
24  App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that
25  ***in a particular case there may be special reason to limit or postpone a representative***
26  ***plaintiff's access to contact information for those he or she seeks to represent***[.]"
27  *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff
28

lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer or relate" to providing meal period premiums to covered employees.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.  The definition of "YOU" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 6:**

All DOCUMENTS which discuss, describe, evidence, refer or relate to YOU providing REST PERIOD PREMIUMS to COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 6:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute," "refer," "relate," and "COVERED EMPLOYEES."  Defendant objects to the term "YOU" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc.  To the extent Defendant responds to a request, it does so for itself alone and no other entity or individual.  Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the

1   grounds that it is overbroad and unduly burdensome as to time and scope and

2   responding to this request would be unreasonably time consuming, burdensome, unfair

3   and disproportionate to the needs of the case.  Defendant further objects to this request

4   on the grounds that it fails to describe with reasonable particularity the item or category

5   of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil

6   Procedure.  Defendant objects to this request to the extent that it seeks confidential,

7   proprietary, and/or trade secret information.  Defendant objects to this request on the

8   grounds that it is premature, as Plaintiff has not shown this action may be maintained

9   on a class or representative basis. Defendant further objects to this request on the

10  grounds that it seeks information outside of the location at which Plaintiff worked.

11  Defendant objects to this request to the extent that it calls for information protected

12  from disclosure by the attorney-client privilege, the attorney-work-product doctrine,

13  and/or other applicable privileges.

14  **Plaintiff's Contentions and Legal Authority:**

15      Defendant stated it would "produce its policies related to meal periods and rest

16  breaks, and California Meal and Rest Break Premium Request Form, that have been in

17  effect during the time period from November 13, 2016 to the present," but it has not done

18  so. At minimum, it should be compelled to comply with its  response.

19      In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

20  documents "that Defendant may use to support its claims or defenses in this action," and

21  listed, "Defendant's relevant employment policies, including those governing meal

22  periods, rest breaks,  timekeeping, and expense reimbursements," "Plaintiffs payroll

23  records and wage statements…Payroll records and wage statements for putative class

24  members…."

25      Thus, Defendant admits that rest break policies and payroll records and wage

26  statements, sought are relevant and this demonstrates that Defendant's objections lack

27  a good faith basis. Each of these items necessarily includes or is inextricably

28

intertwined with rest break premiums which are the payments for noncompliant rest breaks and rest break violations. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The objection that "YOU" includes uninterested persons or entities is nonsense. As the definition make plain, the term is defined to only include those acting on behalf of Defendant Owens-Brockway Glass Container, Inc.

The terms "All DOCUMENTS," "discuss," "describe," "evidence," "constitute," "refer," "relate," and "COVERED EMPLOYEES" are either defined or of common usage.

The objections on the bases of attorney client privilege, work product, trade secret, proprietary or confidentiality are equally unsupportable. Defendants' rest break

premium policies and practices are a matter of state mandate and are hardly secret, and the objections are form and unsupportable.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under FED. R. CIV. P. 34(b)(2)(E)(i). Plaintiff also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

**Defendant's Contentions and Legal Authority:**

Defendant has produced the meal and rest break policy and California Meal and Rest Break Premium Request Form applicable to Lemus Sr.'s employment during the relevant time period. To the extent Plaintiff seeks additional documents related to other employees, he cannot do so.

Plaintiff cannot maintain his father's PAGA claim because the PAGA action did not survive his father's death, and is non-assignable. *See Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1. Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005. Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action. *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941. Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely. *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father. Moreover, Californians have a constitutionally-protected right to privacy. *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552. The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559. The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added). Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so. As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information. Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer or relate" to providing rest break premiums to covered employees. Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material. The definition of "YOU" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

///

///

43

**Request for Production No. 8:**

All DOCUMENTS which constitute or evidence waiver of meal periods or rest periods by COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 8:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "constitute," "evidence," and "COVERED EMPLOYEES." Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce its template meal period waivers that have been in effect during the time period from November 13, 2016 to the present.

///

**Plaintiff's Contentions and Legal Authority:**

Defendant stated it would "produce its template meal period waivers that have been in effect during the time period from November 13, 2016 to the present," but it has not done so. At minimum, it should be compelled to comply with its response.

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements." Certainly waivers must be included under the "relevant employment policies" and certainly they are relevant to the extent that Defendant intends to argue that waivers excused its allegedly noncompliant conduct.

By its initial disclosure, certainly Defendant admits that the meal period policies sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence. See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety. As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. *Huff v. Securitas Security Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

The objections on the bases of attorney client privilege, work product, trade secret, proprietary or confidentiality are equally unsupportable. Defendants' meal period waivers are a matter of state mandate and are hardly secret, and the objections are form and unsupportable.

The terms "All DOCUMENTS," "constitute," "evidence," and "COVERED EMPLOYEES" are either defined or of common usage.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

///

**Defendant's Contentions and Legal Authority:**

Defendant has produced the meal and rest break policy applicable to Lemus Sr.'s employment for the period during the relevant time period.  Defendant knows of no meal waiver signed by Lemus Sr.  To the extent Plaintiff seeks additional documents related to other employees, he cannot do so.

Plaintiff cannot maintain his father's PAGA claim because the PAGA action did not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

*in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which constitute or evidence waiver of meal periods or rest periods by COVERED EMPLOYEES."  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.

**Request for Production No. 9:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to YOUR policies, procedures or practices regarding minimum, regular, overtime, or double-time compensation to COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 9:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES." Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope

and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce the collective bargaining agreements applicable to Plaintiff's position, that have been in effect during the time period from November 13, 2016 to the present.

**Plaintiff's  Contentions and Legal Authority:**

Defendant stated it would "produce the collective bargaining agreements applicable to Plaintiff's position, that have been in effect during the time period from November 13, 2016 to the present," but it has not done so. At minimum, it should be compelled to comply with its  response.

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Defendant's relevant employment policies, including those governing meal periods, rest breaks,  timekeeping, and expense reimbursements," "Plaintiffs payroll records and wage statements…Payroll records and wage statements for putative class members…."

49

Defendant thereby admits that payroll records and wage statements are relevant and certainly the policies, procedures or practices regarding minimum, regular, overtime, or double-time compensation of which payroll is comprised are equally relevant. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The objection that documents containing policies, procedures or practices regarding minimum, regular, overtime, or double-time compensation are protected by attorney client privilege or work product is unsupportable as are the objections on the bases of confidential, proprietary, and/or trade secret information.

1    The terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute,"

2    "refer," "relate," "policies," "procedures," "practices," and "COVERED

3    EMPLOYEES" are either defined or of common usage.

4    The notion that an employer can avoid discovery on a PAGA claim because the

5    aggrieved employee has not shown that the claim can be "maintained" on a

6    representative basis is without support and is contrary to the expansive view of a

7    PAGA claim held by the California Supreme Court as well as its express declination to

8    subject PAGA claims to class certification requirements. *Huff v. Securitas Security*

9    *Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that

10   Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

11   test such an assertion which can only be done through discovery of the relevant

12   information.

13   In light of the foregoing, Plaintiff intends to seek an Order that all objections,

14   including those based on privilege, be deemed waived or be overruled and that

15   Defendant produce *all* documents "as requested" and properly identify them under

16   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

17   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

18   **Defendant's  Contentions and Legal Authority:**

19   Defendant has produced the collective bargaining agreement applicable to Lemus

20   Sr.'s employment during the relevant time period.   To the extent Plaintiff seeks

21   additional documents related to other employees, he cannot do so.

22   Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

23   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

24   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

25   1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

26   to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

27   employed by Owens-Brockway, did not experience any alleged Labor Code violations,

28

1  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

2  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

3  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

4  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

5  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

6  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

7  action (which he cannot), any claim he now seeks to maintain based on his father's

8  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

9  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

10  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

11      Because Plaintiff lacks standing to represent any other employee in a PAGA

12  action, he cannot seek discovery as to any employee other than his father.  Moreover,

13  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

14  § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

15  information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

16  App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

17  ***in a particular case there may be special reason to limit or postpone a representative***

18  ***plaintiff's access to contact information for those he or she seeks to represent***[.]"

19  *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

20  lacks standing to represent *any* employee of Owens-Brockway, and has not been

21  deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

22  Brockway employees in this matter, there is no countervailing interest to those

23  employees' privacy rights that would militate in favor of producing their confidential

24  information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

25  than Plaintiff's father) must be denied.

26      The request is also overbroad, in that it seeks "all DOCUMENTS which discuss,

27  describe, evidence, constitute, refer or relate" to the requested policies.  Such a broad

28

1  request seeking "all DOCUMENTS" could implicate any number of documents,

2  including privileged, confidential, or irrelevant material.  The definition of "YOUR" is

3  likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers,

4  agents, employees, and investigators, and all other persons acting or purporting to act on

5  its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of

6  itself alone and no other individual or entity.

7  **Request for Production No. 10:**

8      All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate

9  to YOUR policies, procedures or practices regarding calculation of the "regular rate of

10  pay" for COVERED EMPLOYEES during the COVERED PERIOD.

11  **RESPONSE TO NO. 10:**

12      Defendant objects to this request on the grounds that it is overbroad as to the terms

13  "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate,"

14  "policies," "procedures," "practices," and "COVERED EMPLOYEES." Defendant

15  objects to the term "YOUR" on the grounds that it includes entities or individuals other

16  than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this

17  request to the extent that it seeks documents that are neither relevant nor reasonably

18  calculated to lead to the discovery of admissible evidence. Defendant objects to this

19  request on the grounds that it is overbroad and unduly burdensome as to time and scope

20  and responding to this request would be unreasonably time consuming, burdensome,

21  unfair and disproportionate to the needs of the case. Defendant further objects to this

22  request on the grounds that it fails to describe with reasonable particularity the item or

23  category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules

24  of Civil Procedure. Defendant objects to this request to the extent that it seeks

25  confidential, proprietary, and/or trade secret information. Defendant objects to this

26  request on the grounds that it is premature, as Plaintiff has not shown this action may be

27  maintained on a class or representative basis. Defendant further objects to this request

28

on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce the collective bargaining agreements applicable to Plaintiff's position, that have been in effect during the time period from November 13, 2016 to the present.

**Plaintiff's Contentions and Legal Authority:**

Defendant stated it would "produce the collective bargaining agreements applicable to Plaintiff's position, that have been in effect during the time period from November 13, 2016 to the present," but it has not done so. At minimum, it should be compelled to comply with its response.

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Defendant's relevant employment policies, including those governing meal periods, rest breaks,  timekeeping, and expense reimbursements," "Plaintiffs payroll records and wage statements…Payroll records and wage statements for putative class members…."

Defendant thereby admits that payroll records and wage statements are relevant and certainly the policies, procedures or practices regarding minimum, regular, overtime, or double-time compensation of which payroll is comprised are equally relevant. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES" are either defined or of common usage.

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. *Huff v. Securitas Security Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

1    In light of the foregoing, Plaintiff intends to seek an Order that all objections,

2  including those based on privilege, be deemed waived or be overruled and that

3  Defendant produce *all* documents "as requested" and properly identify them under

4  FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

5  under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

6  **Defendant's  Contentions and Legal Authority:**

7    Defendant has produced the collective bargaining agreement applicable to Lemus

8  Sr.'s employment during the relevant time period.   To the extent Plaintiff seeks

9  additional documents related to other employees, he cannot do so.

10    Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

11  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

12  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

13  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

14  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

15  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

16  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

17  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

18  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

19  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

20  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

21  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

22  action (which he cannot), any claim he now seeks to maintain based on his father's

23  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

24  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

25  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

26    Because Plaintiff lacks standing to represent any other employee in a PAGA

27  action, he cannot seek discovery as to any employee other than his father.  Moreover,

28

Californians have a constitutionally-protected right to privacy. *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552. The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559. The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added). Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so. As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information. Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer or relate" to the requested policies. Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material. The definition of "YOUR" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 11:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to YOUR policies, procedures or practices regarding reimbursement of business-related expenses to COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 11:**

Defendant objects to this request on the grounds that it is overbroad as to the

terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer,"
"relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES."
Defendant objects to the term "YOUR" on the grounds that it includes entities or
individuals other than Defendant Owens-Brockway Glass Container, Inc.  Defendant
objects to this request to the extent that it seeks documents that are neither relevant nor
reasonably calculated to lead to the discovery of admissible evidence.  Defendant
objects to this request on the grounds that it is overbroad and unduly burdensome as to
time and scope and responding to this request would be unreasonably time consuming,
burdensome, unfair and disproportionate to the needs of the case.  Defendant further
objects to this request on the grounds that it fails to describe with reasonable
particularity the item or category of items to be inspected as required by Rule
34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request
to the extent that it seeks confidential, proprietary, and/or trade secret information.
Defendant objects to this request on the grounds that it is premature, as Plaintiff has not
shown this action may be maintained on a class or representative basis.  Defendant
further objects to this request on the grounds that it seeks information outside of the
location at which Plaintiff worked.  Defendant objects to this request to the extent that
it calls for information protected from disclosure by the attorney-client privilege, the
attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections,
Defendant responds as follows:  Discovery is ongoing and Defendant will supplement
this request as information becomes available to it.

**Plaintiff's Contentions and Legal Authority:**

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described
documents "that Defendant may use to support its claims or defenses in this action," and
listed, "Defendant's relevant employment policies, including those governing meal
periods, rest breaks,  timekeeping, **and expense reimbursements**."

Thus, Defendant admits that the expense reimbursements policies sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. *Huff v. Securitas Security Services USA, Inc.*, 23 Cal.App.5th 745, 757 (2018). Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

1  test such an assertion which can only be done through discovery of the relevant
2  information.

3       The "All DOCUMENTS," "discuss," "describe," evidence," "constitute,"
4  "refer," "relate," "policies," "procedures," "practices," and "COVERED
5  EMPLOYEES" are either defined or of common usage.

6       In light of the foregoing, Plaintiff intends to seek an Order that all objections,
7  including those based on privilege, be deemed waived or be overruled and that
8  Defendant produce *all* documents "as requested" and properly identify them under
9  FED. R. CIV. P. 34(b)(2)(E)(i). Plaintiff also intends to seek appropriate sanctions under
10 FED. R. CIV. P. 26(g)(3) and 37(a)(4).

11 **Defendant's Contentions and Legal Authority:**

12      Defendant has produced the Safety Shoe Communication applicable to Lemus
13 Sr.'s employment during the relevant time period.   To the extent Plaintiff seeks
14 additional documents related to other employees, he cannot do so.

15      Plaintiff cannot maintain his father's PAGA claim because the PAGA action did
16 not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,
17 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at
18 1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing
19 to pursue the PAGA claim alleged in the complaint, because Plaintiff was never
20 employed by Owens-Brockway, did not experience any alleged Labor Code violations,
21 and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.
22 *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,
23 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he
24 has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.
25 Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th
26 at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA
27 action (which he cannot), any claim he now seeks to maintain based on his father's

28

1   employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

2   Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

3   5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

4        Because Plaintiff lacks standing to represent any other employee in a PAGA

5   action, he cannot seek discovery as to any employee other than his father.  Moreover,

6   Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

7   § 1; *Williams*, 3 Cal. 5th at 552.  The protection extends to employee contact

8   information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

9   App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

10  *in a particular case there may be special reason to limit or postpone a representative*

11  *plaintiff's access to contact information for those he or she seeks to represent*[.]"

12  *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

13  lacks standing to represent *any* employee of Owens-Brockway, and has not been

14  deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

15  Brockway employees in this matter, there is no countervailing interest to those

16  employees' privacy rights that would militate in favor of producing their confidential

17  information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

18  than Plaintiff's father) must be denied.

19       The request is also overbroad, in that it seeks "all DOCUMENTS which discuss,

20  describe, evidence, constitute, refer or relate" to the requested policies.  Such a broad

21  request seeking "all DOCUMENTS" could implicate any number of documents,

22  including privileged, confidential, or irrelevant material.  The definition of "YOUR" is

23  likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers,

24  agents, employees, and investigators, and all other persons acting or purporting to act on

25  its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of

26  itself alone and no other individual or entity.

27  ///

28

**Request for Production No. 12:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to YOUR policies, procedures or practices regarding the payment of all wages due to COVERED EMPLOYEES who were discharged or quit during the COVERED PERIOD.

**RESPONSE TO NO. 12:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES." Defendant objects to the term "YOUR" because it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to this request because it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

///

1    Subject to and without waiving the foregoing general and specific objections,

2  Defendant responds as follows: Discovery is ongoing and Defendant will supplement

3  this request as information becomes available to it.

4  **Plaintiff's Contentions and Legal Authority:**

5    In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

6  documents "that Defendant may use to support its claims or defenses in this action," and

7  listed, "Defendant's relevant employment policies, including those governing meal

8  periods, rest breaks,  timekeeping, and expense reimbursements," "Plaintiffs payroll

9  records and wage statements…Payroll records and wage statements for putative class

10  members…."

11    Defendant thereby admits that payroll records and wage statements are relevant

12  and certainly the policies, procedures or practices regarding payment of wages upon

13  termination are fairly subsumed and/or intertwined with those categories and so are

14  equally relevant. Defendant cannot seriously insist that the documents requested are

15  not relevant or reasonably calculated to lead to the discovery of admissible evidence.

16  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any

17  party's claim or defense").

18    The objections to this request, including the objections recited in the General

19  Objections and Qualifications, are boilerplate objections listed without stating the

20  reasons for the objections or the portions of the request to which they are asserted, as

21  required by FED. R. CIV. P. 34(b).

22    Defendant has only listed boilerplate objections and has failed to agree to

23  produce *any* documents, suggesting it is objecting to the request in its entirety.  As

24  discussed above, Defendant has asserted boilerplate objections that lack the required

25  specificity and has failed to explain or justify how the objections apply to the request.

26  FED. R. CIV. P. 34(b)(2)(C).

27  ///

28

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested. As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

The "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "policies," "procedures," "practices," and "COVERED EMPLOYEES" are either defined or of common usage.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under FED. R. CIV. P. 34(b)(2)(E)(i). Plaintiff also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

## Defendant's  Contentions and Legal Authority:

Defendant knows of no written policies related to payment of wages at discharge applicable to Lemus Sr.'s employment during the relevant time period. To the extent Plaintiff seeks additional documents related to other employees, he cannot do so.

Plaintiff cannot maintain his father's PAGA claim because the PAGA action did not survive his father's death, and is non-assignable. *See Amalgamated Transit Union*,

46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.  The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential

65

1  information.  Accordingly, all discovery as to any employee of Owens-Brockway (other
2  than Plaintiff's father) must be denied.

3       The request is also overbroad, in that it seeks "all DOCUMENTS which discuss,
4  describe, evidence, constitute, refer or relate" to the requested policies.  Such a broad
5  request seeking "all DOCUMENTS" could implicate any number of documents,
6  including privileged, confidential, or irrelevant material.  The definition of "YOUR" is
7  likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers,
8  agents, employees, and investigators, and all other persons acting or purporting to act on
9  its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of
10  itself alone and no other individual or entity.

11  **Request for Production No. 13:**

12       All DOCUMENTS which evidence or constitute YOUR employee handbooks,
13  collective bargaining agreements, and training materials for COVERED EMPLOYEES
14  during the COVERED PERIOD.

15  **RESPONSE TO NO. 13:**

16       Defendant objects to this request on the grounds that it is overbroad as to the
17  terms "All DOCUMENTS," "evidence," "constitute," "training materials," and
18  "COVERED EMPLOYEES."  Defendant objects to the term "YOUR" on the grounds
19  that it includes entities or individuals other than Defendant Owens-Brockway Glass
20  Container, Inc. Defendant objects to this request to the extent that it seeks documents
21  that are neither relevant nor reasonably calculated to lead to the discovery of admissible
22  evidence. Defendant objects to this request on the grounds that it is overbroad and
23  unduly burdensome as to time and scope and responding to this request would be
24  unreasonably time consuming, burdensome, unfair and disproportionate to the needs of
25  the case. Defendant further objects to this request on the grounds that it fails to describe
26  with reasonable particularity the item or category of items to be inspected as required
27  by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this

28

1    request to the extent that it seeks confidential, proprietary, and/or trade secret

2    information. Defendant objects to this request on the grounds that it is premature, as

3    Plaintiff has not shown this action may be maintained on a class or representative basis.

4    Defendant further objects to this request on the grounds that it seeks information

5    outside of the location at which Plaintiff worked.  Defendant objects to this request to

6    the extent that it calls for information protected from disclosure by the attorney-client

7    privilege, the attorney-work-product doctrine, and/or other applicable privileges.

8        Subject to and without waiving the foregoing general and specific objections,

9    Defendant responds as follows:  Defendant will produce the collective bargaining

10   agreements applicable to Plaintiff's position, that have been in effect during the time

11   period from November 13, 2016 to the present.

12   **Plaintiff's Contentions and Legal Authority:**

13       Defendant stated it would "produce the collective bargaining agreements

14   applicable to Plaintiff's position, that have been in effect during the time period from

15   November 13, 2016 to the present." but it has not done so. At minimum, it should be

16   compelled to comply with its response.

17       In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

18   documents "that Defendant may use to support its claims or defenses in this action," and

19   listed, "Defendant's relevant employment policies, including those governing meal

20   periods, rest breaks,  timekeeping, and expense reimbursements," "Plaintiffs payroll

21   records and wage statements… Collective bargaining agreements governing the work of

22   putative class members….."

23       Defendant thereby admits that certain of the documents requested are relevant.

24   Defendant cannot seriously insist that the documents requested are not relevant or

25   reasonably calculated to lead to the discovery of admissible evidence.  See FED. R.

26   CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or

27   defense").

28

Given Defendant's admission that collective bargaining agreements are relevant, it is but a short step to training materials and handbooks, all of which certainly include matters which bear upon the issues raised by the complaint, e.g., timekeeping policies, meal and rest period policies, policies on payment of wages including upon termination of employment, incentive compensation, etc. In sum, the materials requested are rock bottom basic relevant materials in this case alleging myriad wage and hour violations.

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested, not even those which it said it would turn over.  As the responding party, Defendant does not get to decide when it produces the requested documents.  FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

1   test such an assertion which can only be done through discovery of the relevant

2   information.

3          The terms "All DOCUMENTS," "evidence," "constitute," "training materials,"

4   and "COVERED EMPLOYEES" are either defined or of common usage.

5          In light of the foregoing, Plaintiff intends to seek an Order that all objections,

6   including those based on privilege, be deemed waived or be overruled and that

7   Defendant produce *all* documents "as requested" and properly identify them under

8   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

9   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

10  **Defendant's Contentions and Legal Authority:**

11         Defendant has produced the collective bargaining agreement applicable to Lemus

12  Sr.'s employment during the relevant time period.   To the extent Plaintiff seeks

13  additional documents related to other employees, he cannot do so.

14         Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

15  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

16  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

17  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

18  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

19  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

20  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

21  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

22  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

23  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

24  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

25  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

26  action (which he cannot), any claim he now seeks to maintain based on his father's

27  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

28

1  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

2  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

3      Because Plaintiff lacks standing to represent any other employee in a PAGA

4  action, he cannot seek discovery as to any employee other than his father.  Moreover,

5  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

6  § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

7  information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

8  App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

9  ***in a particular case there may be special reason to limit or postpone a representative***

10  ***plaintiff's access to contact information for those he or she seeks to represent***[.]"

11  *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

12  lacks standing to represent *any* employee of Owens-Brockway, and has not been

13  deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

14  Brockway employees in this matter, there is no countervailing interest to those

15  employees' privacy rights that would militate in favor of producing their confidential

16  information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

17  than Plaintiff's father) must be denied.

18      The request is also overbroad, in that it seeks "all DOCUMENTS which evidence

19  of constitute" the requested documents.   Such a broad request seeking "all

20  DOCUMENTS" could implicate any number of documents, including privileged,

21  confidential, or irrelevant material.  The definition of "YOUR" is likewise overbroad, as

22  it includes Owens-Brockway and "each of its directors, officers, agents, employees, and

23  investigators, and all other persons acting or purporting to act on its behalf."  Owens-

24  Brockway has reasonably narrowed its response to be on behalf of itself alone and no

25  other individual or entity.

26  ///

27  ///

28

**Request for Production No. 14:**

All DOCUMENTS which evidence the dates and hours worked by PLAINTIFF during the COVERED PERIOD, in edited and un-edited format, including but not limited to time cards, handwritten time cards, electronic time cards, meal period records, rest period records, sign in sheets, attendance records, or any other DOCUMENTS of any form containing responsive information.

**RESPONSE TO NO. 14:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "evidence," and "any other DOCUMENTS." Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges. Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce Plaintiff's time records from November 13, 2016 to the present.

**Plaintiff's Contentions and Legal Authority:**

Defendant stated it would "produce Plaintiff's time records from November 13, 2016 to the present.," but it has not done so. At minimum, it should be compelled to comply with its response.

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, " Plaintiffs personnel files…Plaintiffs payroll records and wage statements…**Plaintiffs time cards**…Personnel files for putative class members… Payroll records and wage statements for putative class members… **Time cards for putative class members**…Defendant's relevant employment policies, including those governing meal periods, rest breaks, **timekeeping**, and expense reimbursements."

Thus, Defendant admits that the documents sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence. See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety. As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested. As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

1  The notion that an employer can avoid discovery on a PAGA claim because the

2  aggrieved employee has not shown that the claim can be "maintained" on a

3  representative basis is without support and is contrary to the expansive view of a

4  PAGA claim held by the California Supreme Court as well as its express declination to

5  subject PAGA claims to class certification requirements. Moreover, to the extent that

6  Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

7  test such an assertion which can only be done through discovery of the relevant

8  information.

9  The terms "All DOCUMENTS," "evidence," and "any other DOCUMENTS"

10  are either defined or of common usage.

11  In light of the foregoing, Plaintiff intends to seek an Order that all objections,

12  including those based on privilege, be deemed waived or be overruled and that

13  Defendant produce *all* documents "as requested" and properly identify them under

14  FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

15  under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

16  **Defendant's Contentions and Legal Authority:**

17  Defendant has produced Lemus Sr.'s time records during the relevant time period.

18  Defendants objections are proper.  The request is overbroad, in that it seeks "all

19  DOCUMENTS which evidence" the requested information.  Such a broad request

20  seeking "all DOCUMENTS" could implicate any number of documents, including

21  privileged, confidential, or irrelevant material.

22  **Request for Production No. 15:**

23  All payroll records relating to PLAINTIFF, including but not limited to year-to-

24  date earnings, year-end summaries, and wage statements reflecting wages and other

25  forms of remuneration or compensation paid at any time during the COVERED

26  PERIOD.

27  ///

28

**RESPONSE TO NO. 15:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "payroll records," and "other forms of remuneration or compensation." Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:  Defendant will produce Plaintiff's wage statements.

**Plaintiff's Contentions and Legal Authority:**

Defendant stated it would "produce Plaintiff's wage statements," but it has not done so. At minimum, it should be compelled to comply with its  response.

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, " Plaintiffs personnel files…**Plaintiffs payroll records and wage statements**…Plaintiffs time cards…Personnel files for putative class members… **Payroll records and wage statements for putative class members**… Time cards for putative class members…Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements."

1    Thus, Defendant admits that the documents sought are relevant and this
2  demonstrates that Defendant's objections lack a good faith basis. Defendant cannot
3  seriously insist that the documents requested are not relevant or reasonably calculated
4  to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1)
5  (discoverable matters include those "relevant to any party's claim or defense").

6    The objections to this request, including the objections recited in the General
7  Objections and Qualifications, are boilerplate objections listed without stating the
8  reasons for the objections or the portions of the request to which they are asserted, as
9  required by FED. R. CIV. P. 34(b).

10    Defendant has only listed boilerplate objections and has failed to agree to
11  produce *any* documents, suggesting it is objecting to the request in its entirety.  As
12  discussed above, Defendant has asserted boilerplate objections that lack the required
13  specificity and has failed to explain or justify how the objections apply to the request.
14  FED. R. CIV. P. 34(b)(2)(C).

15    Defendant has failed to actually produce any of the requested documents, let
16  alone "all" requested documents and within the time requested.  As the responding
17  party, Defendant does not get to decide when it produces the requested documents.
18  FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d
19  1198, 1205 (1st Cir. 1994).

20    The notion that an employer can avoid discovery on a PAGA claim because the
21  aggrieved employee has not shown that the claim can be "maintained" on a
22  representative basis is without support and is contrary to the expansive view of a
23  PAGA claim held by the California Supreme Court as well as its express declination to
24  subject PAGA claims to class certification requirements. Moreover, to the extent that
25  Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to
26  test such an assertion which can only be done through discovery of the relevant
27  information.

28

1   The terms "payroll records," and "other forms of remuneration or compensation"
2   are common usage.
3   In light of the foregoing, Plaintiff intends to seek an Order that all objections,
4   including those based on privilege, be deemed waived or be overruled and that
5   Defendant produce *all* documents "as requested" and properly identify them under
6   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions
7   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

8   **Defendant's Contentions and Legal Authority:**

9   Defendant has produced Lemus Sr.'s wage statements during the relevant time
10  period.

11  Defendants objections are proper.  The request is overbroad, in that it seeks "all
12  payroll records relating to PLAINTIFF."  Such a broad request could implicate any
13  number of documents, including privileged, confidential, or irrelevant material.

14  **Request for Production No. 16:**

15  All DOCUMENTS which evidence the dates and hours worked by COVERED
16  EMPLOYEES during the COVERED PERIOD, in edited and un-edited format,
17  including but not limited to time cards, handwritten time cards, electronic time cards,
18  meal period records, rest period records, sign in sheets, attendance records, or any other
19  DOCUMENTS of any form containing responsive information.

20  **RESPONSE TO NO. 16:**

21  Defendant objects to this request on the grounds that it is overbroad as to the
22  terms "All DOCUMENTS," "evidence," "COVERED EMPLOYEES," and "any other
23  DOCUMENTS."  Defendant objects to this request to the extent that it seeks
24  documents that are neither relevant nor reasonably calculated to lead to the discovery of
25  admissible evidence.  Defendant objects to this request on the grounds that it is
26  overbroad and unduly burdensome as to time and scope and responding to this request
27  would be unreasonably time consuming, burdensome, unfair and disproportionate to
28

the needs of the case.  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to the request on the ground that it seeks private information of third parties, including Defendant's employees and former employees, protected from disclosure by Article I, Section 1, of the California Constitution, and/or other state or federal constitutional, statutory or common law rights of privacy.  Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis.  Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked.  Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

**Plaintiff's  Contentions and Legal Authority:**

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, " Plaintiffs personnel files…**Plaintiffs payroll records and wage** statements…**Plaintiffs time cards**…Personnel files for putative class members… **Payroll records and wage statements for putative class members… Time cards for putative class members**…Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements." Thus, Defendant admits that the documents sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

The terms "All DOCUMENTS," "evidence," "COVERED EMPLOYEES," and "any other DOCUMENTS" are either defined or of common usage.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under

1  FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

2  under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

3  **Defendant's Contentions and Legal Authority:**

4       Defendant has produced time records for Lemus Sr. during the relevant time

5  period.  To the extent Plaintiff seeks additional documents related to other employees,

6  he cannot do so.

7       Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

8  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

9  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

10 1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

11 to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

12 employed by Owens-Brockway, did not experience any alleged Labor Code violations,

13 and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

14 *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

15 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

16 has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

17 Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

18 at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

19 action (which he cannot), any claim he now seeks to maintain based on his father's

20 employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

21 Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

22 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

23       Because Plaintiff lacks standing to represent any other employee in a PAGA

24 action, he cannot seek discovery as to any employee other than his father.  Moreover,

25 Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

26 § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

27 information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

28

App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]"  *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which evidence" the requested information.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.

**Request for Production No. 17:**

All payroll records relating to COVERED EMPLOYEES, including but not limited to year-to-date earnings, year-end summaries, and wage statements reflecting wages and other forms of remuneration or compensation paid at any time during the COVERED PERIOD.

**RESPONSE TO NO. 17:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "payroll records," "COVERED EMPLOYEES," and "other forms of remuneration or compensation."  Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of

1   the case.  Defendant further objects to this request on the grounds that it fails to describe

2   with reasonable particularity the item or category of items to be inspected as required by

3   Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to the

4   request on the ground that it seeks private information of third parties, including

5   Defendant's employees and former employees, protected from disclosure by Article I,

6   Section 1, of the California Constitution, and/or other state or federal constitutional,

7   statutory or common law rights of privacy.  Defendant objects to this request on the

8   grounds that it is premature, as Plaintiff has not shown this action may be maintained on

9   a class or representative basis.  Defendant further objects to this request on the grounds

10  that it seeks information outside of the location at which Plaintiff worked.  Defendant

11  objects to this request to the extent that it calls for information protected from disclosure

12  by the attorney-client privilege, the attorney-work-product doctrine, and/or other

13  applicable privileges.

14  **Plaintiff's  Contentions and Legal Authority:**

15          In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

16  documents "that Defendant may use to support its claims or defenses in this action," and

17  listed,  "**Plaintiffs personnel files**…**Plaintiffs payroll records and wage**

18  **statements**…Plaintiffs time cards…**Personnel files for putative class members…**

19  **Payroll records and wage statements for putative class members**… Time cards for

20  putative class members…Defendant's relevant employment policies, including those

21  governing meal periods, rest breaks, timekeeping, and expense reimbursements."

22  Thus, Defendant admits that the documents sought are relevant and this demonstrates

23  that Defendant's objections lack a good faith basis. Defendant cannot seriously insist

24  that the documents requested are not relevant or reasonably calculated to lead to the

25  discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters

26  include those "relevant to any party's claim or defense").

27

28

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

The terms "payroll records," "COVERED EMPLOYEES," and "other forms of remuneration or compensation" are either defined or of common usage.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under

1  FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

2  under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

3  **Defendant's Contentions and Legal Authority:**

4  Defendant has produced wage statements for Lemus Sr. during the relevant time

5  period.  To the extent Plaintiff seeks additional documents related to other employees,

6  he cannot do so.

7  Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

8  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

9  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

10  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

11  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

12  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

13  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

14  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

15  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

16  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

17  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

18  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

19  action (which he cannot), any claim he now seeks to maintain based on his father's

20  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

21  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

22  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

23  Because Plaintiff lacks standing to represent any other employee in a PAGA

24  action, he cannot seek discovery as to any employee other than his father.  Moreover,

25  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

26  § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

27  information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

28

App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all payroll records relating to COVERED EMPLOYEES."  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.

**Request for Production No. 18:**

All DOCUMENTS which evidence or constitute work schedules maintained by YOU for COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 18:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "work schedules," and "COVERED EMPLOYEES."  Defendant objects to the term "YOU" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc.  Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case.  Defendant further

1   objects to this request on the grounds that it fails to describe with reasonable

2   particularity the item or category of items to be inspected as required by Rule

3   34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to the request

4   on the ground that it seeks private information of third parties, including Defendant's

5   employees and former employees, protected from disclosure by Article I, Section 1, of

6   the California Constitution, and/or other state or federal constitutional, statutory or

7   common law rights of privacy.  Defendant objects to this request on the grounds that it

8   is premature, as Plaintiff has not shown this action may be maintained on a class or

9   representative basis.  Defendant further objects to this request on the grounds that it

10  seeks information outside of the location at which Plaintiff worked. Defendant objects

11  to this request to the extent that it calls for information protected from disclosure by the

12  attorney-client privilege, the attorney-work-product doctrine, and/or other applicable

13  privileges.

14  **Plaintiff's  Contentions and Legal Authority:**

15      In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

16  documents "that Defendant may use to support its claims or defenses in this action," and

17  listed,  "**Plaintiffs   personnel   files**…**Plaintiffs   payroll   records   and   wage**

18  **statements**…**Plaintiffs time cards**…**Personnel files for putative class members**…

19  **Payroll records and wage statements for putative class members**… **Time cards for**

20  **putative class members**…Defendant's relevant employment policies, including those

21  governing meal periods, rest breaks, **timekeeping**, and expense reimbursements."

22  Thus, Defendant admits that the documents sought are relevant and this demonstrates

23  that Defendant's objections lack a good faith basis. Defendant cannot seriously insist

24  that the documents requested are not relevant or reasonably calculated to lead to the

25  discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters

26  include those "relevant to any party's claim or defense").

27

28

1    The objections to this request, including the objections recited in the General

2  Objections and Qualifications, are boilerplate objections listed without stating the

3  reasons for the objections or the portions of the request to which they are asserted, as

4  required by FED. R. CIV. P. 34(b).

5    Defendant has only listed boilerplate objections and has failed to agree to

6  produce *any* documents, suggesting it is objecting to the request in its entirety.  As

7  discussed above, Defendant has asserted boilerplate objections that lack the required

8  specificity and has failed to explain or justify how the objections apply to the request.

9  FED. R. CIV. P. 34(b)(2)(C).

10    Defendant has failed to actually produce any of the requested documents, let

11  alone "all" requested documents and within the time requested.  As the responding

12  party, Defendant does not get to decide when it produces the requested documents.

13  FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d

14  1198, 1205 (1st Cir. 1994).

15    The notion that an employer can avoid discovery on a PAGA claim because the

16  aggrieved employee has not shown that the claim can be "maintained" on a

17  representative basis is without support and is contrary to the expansive view of a

18  PAGA claim held by the California Supreme Court as well as its express declination to

19  subject PAGA claims to class certification requirements. Moreover, to the extent that

20  Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

21  test such an assertion which can only be done through discovery of the relevant

22  information.

23    The terms "All DOCUMENTS," "work schedules," and "COVERED

24  EMPLOYEES" are either defined or of common usage. The objection that "YOU"

25  includes uninterested persons or entities is nonsense. As the definition make plain, the

26  term is defined to only include those acting on behalf of Defendant Owens-Brockway

27  Glass Container, Inc.

28

1    In light of the foregoing, Plaintiff intends to seek an Order that all objections,

2    including those based on privilege, be deemed waived or be overruled and that

3    Defendant produce *all* documents "as requested" and properly identify them under

4    FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

5    under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

6    **Defendant's Contentions and Legal Authority:**

7    Defendant has produced the time records applicable to Lemus Sr.'s employment

8    during the relevant time period.  To the extent Plaintiff seeks additional documents

9    related to other employees, he cannot do so.

10   Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

11   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

12   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

13   1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

14   to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

15   employed by Owens-Brockway, did not experience any alleged Labor Code violations,

16   and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

17   *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

18   46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

19   has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

20   Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

21   at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

22   action (which he cannot), any claim he now seeks to maintain based on his father's

23   employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

24   Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

25   5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

26   Because Plaintiff lacks standing to represent any other employee in a PAGA

27   action, he cannot seek discovery as to any employee other than his father.  Moreover,

28

Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which evidence or constitute" the requested information.   Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.  The definition of "YOU" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 19:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to YOUR timekeeping practices and procedures for COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 19:**

Defendant objects to this request on the grounds that it is overbroad as to the terms

1   "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate,"

2   "procedures," "practices," and "COVERED EMPLOYEES."  Defendant objects to the

3   term "YOUR" on the grounds that it includes entities or individuals other than Defendant

4   Owens-Brockway Glass Container, Inc.  Defendant objects to this request to the extent

5   that it seeks documents that are neither relevant nor reasonably calculated to lead to the

6   discovery of admissible evidence.  Defendant objects to this request on the grounds that

7   it is overbroad and unduly burdensome as to time and scope and responding to this

8   request would be unreasonably time consuming, burdensome, unfair and

9   disproportionate to the needs of the case.  Defendant further objects to this request on the

10  grounds that it fails to describe with reasonable particularity the item or category of items

11  to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.

12  Defendant objects to this request to the extent that it seeks confidential, proprietary,

13  and/or trade secret information.  Defendant objects to this request on the grounds that it

14  is premature, as Plaintiff has not shown this action may be maintained on a class or

15  representative basis. Defendant further objects to this request on the grounds that it seeks

16  information outside of the location at which Plaintiff worked.  Defendant objects to this

17  request to the extent that it calls for information protected from disclosure by the

18  attorney-client privilege, the attorney-work-product doctrine, and/or other applicable

19  privileges.

20         Subject to and without waiving the foregoing general and specific objections,

21  Defendant responds as follows:  Discovery is ongoing and Defendant will supplement

22  this response as additional information becomes known to it.

23  **Plaintiff's  Contentions and Legal Authority:**

24         In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

25  documents "that Defendant may use to support its claims or defenses in this action," and

26  listed, "Plaintiffs personnel files…Plaintiffs payroll records and wage

27  statements…**Plaintiffs time cards**…Personnel files for putative class members…

28

Payroll records and wage statements for putative class members… **Time cards for putative class members**…Defendant's relevant employment policies, including those governing meal periods, rest breaks, **timekeeping**, and expense reimbursements." Thus, Defendant admits that the documents sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that

1   Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

2   test such an assertion which can only be done through discovery of the relevant

3   information.

4        The terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute,"

5   "refer," "relate," "procedures," "practices," and "COVERED EMPLOYEES" are either

6   defined or of common usage.

7        In light of the foregoing, Plaintiff intends to seek an Order that all objections,

8   including those based on privilege, be deemed waived or be overruled and that

9   Defendant produce *all* documents "as requested" and properly identify them under

10   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

11   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

12   **Defendant's Contentions and Legal Authority:**

13        Defendant has produced the LA Plant Rules applicable to Lemus Sr.'s

14   employment during the relevant time period.  To the extent Plaintiff seeks additional

15   documents related to other employees, he cannot do so.

16        Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

17   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

18   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

19   1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

20   to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

21   employed by Owens-Brockway, did not experience any alleged Labor Code violations,

22   and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

23   *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

24   46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

25   has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

26   Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

27   at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

28

1   action (which he cannot), any claim he now seeks to maintain based on his father's

2   employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

3   Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

4   5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

5          Because Plaintiff lacks standing to represent any other employee in a PAGA

6   action, he cannot seek discovery as to any employee other than his father.  Moreover,

7   Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

8   § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

9   information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

10  App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

11  ***in a particular case there may be special reason to limit or postpone a representative***

12  ***plaintiff's access to contact information for those he or she seeks to represent***[.]"

13  *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

14  lacks standing to represent *any* employee of Owens-Brockway, and has not been

15  deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

16  Brockway employees in this matter, there is no countervailing interest to those

17  employees' privacy rights that would militate in favor of producing their confidential

18  information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

19  than Plaintiff's father) must be denied.

20         The request is also overbroad, in that it seeks "all DOCUMENTS which discuss,

21  describe, evidence, constitute, refer, or relate" to the requested information.  Such a

22  broad request seeking "all DOCUMENTS" could implicate any number of documents,

23  including privileged, confidential, or irrelevant material.  The definition of "YOUR" is

24  likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers,

25  agents, employees, and investigators, and all other persons acting or purporting to act on

26  its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of

27  itself alone and no other individual or entity.

28

**Request for Production No. 20:**

All DOCUMENTS which evidence or constitute YOUR payroll practices and procedures for COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 20:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "evidence," "constitute," "payroll practices and procedures," and "COVERED EMPLOYEES." Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce the collective bargaining agreements applicable to Plaintiff's position, that have been in effect during the time

1  period from November 13, 2016 to the present.

2  **Plaintiff's Contentions and Legal Authority:**

3      In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

4  documents "that Defendant may use to support its claims or defenses in this action," and

5  listed,  "**Plaintiffs  personnel  files…Plaintiffs  payroll  records  and  wage**

6  **statements**…Plaintiffs time cards…**Personnel files for putative class members…**

7  **Payroll records and wage statements for putative class members**… Time cards for

8  putative class members…Defendant's **relevant employment policies**, including those

9  governing meal periods, rest breaks, timekeeping, and expense reimbursements."

10  Thus, Defendant admits that the documents sought are relevant and this demonstrates

11  that Defendant's objections lack a good faith basis. Defendant cannot seriously insist

12  that the documents requested are not relevant or reasonably calculated to lead to the

13  discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters

14  include those "relevant to any party's claim or defense").

15      The objections to this request, including the objections recited in the General

16  Objections and Qualifications, are boilerplate objections listed without stating the

17  reasons for the objections or the portions of the request to which they are asserted, as

18  required by FED. R. CIV. P. 34(b).

19      Defendant has only listed boilerplate objections and has failed to agree to

20  produce *any* documents, suggesting it is objecting to the request in its entirety.  As

21  discussed above, Defendant has asserted boilerplate objections that lack the required

22  specificity and has failed to explain or justify how the objections apply to the request.

23  FED. R. CIV. P. 34(b)(2)(C).

24      Defendant has failed to actually produce any of the requested documents, let

25  alone "all" requested documents and within the time requested.  As the responding

26  party, Defendant does not get to decide when it produces the requested documents.

27

28

1    FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d
2    1198, 1205 (1st Cir. 1994).

3         The notion that an employer can avoid discovery on a PAGA claim because the
4    aggrieved employee has not shown that the claim can be "maintained" on a
5    representative basis is without support and is contrary to the expansive view of a
6    PAGA claim held by the California Supreme Court as well as its express declination to
7    subject PAGA claims to class certification requirements. Moreover, to the extent that
8    Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to
9    test such an assertion which can only be done through discovery of the relevant
10   information.

11        The terms "All DOCUMENTS," "evidence," "constitute," "payroll practices and
12   procedures," and "COVERED EMPLOYEES" are either defined or of common usage.

13        In light of the foregoing, Plaintiff intends to seek an Order that all objections,
14   including those based on privilege, be deemed waived or be overruled and that
15   Defendant produce *all* documents "as requested" and properly identify them under
16   FED. R. CIV. P. 34(b)(2)(E)(i). Plaintiff also intends to seek appropriate sanctions
17   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

18   **Defendant's Contentions and Legal Authority:**

19        Defendant has produced the collective bargaining agreement applicable to Lemus
20   Sr.'s employment during the relevant time period. To the extent Plaintiff seeks
21   additional documents related to other employees, he cannot do so.

22        Plaintiff cannot maintain his father's PAGA claim because the PAGA action did
23   not survive his father's death, and is non-assignable. *See Amalgamated Transit Union*,
24   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at
25   1266; *Estate of Harrington*, 2017 WL 5513635 at *1. Moreover, Plaintiff lacks standing
26   to pursue the PAGA claim alleged in the complaint, because Plaintiff was never
27   employed by Owens-Brockway, did not experience any alleged Labor Code violations,

28

1    and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

2    *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

3    46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

4    has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

5    Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

6    at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

7    action (which he cannot), any claim he now seeks to maintain based on his father's

8    employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

9    Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

10   5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

11        Because Plaintiff lacks standing to represent any other employee in a PAGA

12   action, he cannot seek discovery as to any employee other than his father.  Moreover,

13   Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

14   § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

15   information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

16   App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

17   ***in a particular case there may be special reason to limit or postpone a representative***

18   ***plaintiff's access to contact information for those he or she seeks to represent***[.]"

19   *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

20   lacks standing to represent *any* employee of Owens-Brockway, and has not been

21   deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

22   Brockway employees in this matter, there is no countervailing interest to those

23   employees' privacy rights that would militate in favor of producing their confidential

24   information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

25   than Plaintiff's father) must be denied.

26        The request is also overbroad, in that it seeks "all DOCUMENTS which evidence

27   or constitute" the requested information.   Such a broad request seeking "all

28

DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material. The definition of "YOUR" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 21:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to time worked, or allegedly worked, by COVERED EMPLOYEES when they were not clocked in, including but not limited to any complaints, comments, or COMMUNICATIONS with COVERED EMPLOYEES regarding being required, pressured, encouraged, asked, or permitted to work when not clocked in that were transmitted or otherwise communicated to YOU during the COVERED PERIOD.

**RESPONSE TO NO. 21:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "complaints," "comments," "COMMUNICATIONS," "COVERED EMPLOYEES," "required," "pressured," "encouraged," "permitted," "transmitted," and "otherwise communicated." Defendant objects to the term "YOU" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required

by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to the request on the ground that it seeks private information of third parties, including Defendant's employees and former employees, protected from disclosure by Article I, Section 1, of the California Constitution, and/or other state or federal constitutional, statutory or common law rights of privacy.  Defendant objects to this request on the grounds that it assumes facts that have not been established or that are in dispute. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis.  Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

### Plaintiff's Contentions and Legal Authority:

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Plaintiffs personnel files…Plaintiffs payroll records and wage statements…**Plaintiffs time cards**…Personnel files for putative class members… Payroll records and wage statements for putative class members… **Time cards for putative class members…Defendant's relevant employment policies,** including those governing meal periods, rest breaks**, timekeeping**, and expense reimbursements." Thus, Defendant admits that the documents sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the

reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety. As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested. As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

The terms ""All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "complaints," "comments," "COMMUNICATIONS," "COVERED EMPLOYEES," "required," "pressured," "encouraged," "permitted," "transmitted," and "otherwise communicated" are either defined or of common usage.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under

1   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions
2   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

3   **Defendant's Contentions and Legal Authority:**

4        Defendant knows of no documents applicable to Lemus Sr.'s employment during
5   the relevant time period.  To the extent Plaintiff seeks additional documents related to
6   other employees, he cannot do so.

7        Plaintiff cannot maintain his father's PAGA claim because the PAGA action did
8   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,
9   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at
10  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing
11  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never
12  employed by Owens-Brockway, did not experience any alleged Labor Code violations,
13  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.
14  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,
15  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he
16  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.
17  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th
18  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA
19  action (which he cannot), any claim he now seeks to maintain based on his father's
20  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.
21  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL
22  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

23       Because Plaintiff lacks standing to represent any other employee in a PAGA
24  action, he cannot seek discovery as to any employee other than his father.  Moreover,
25  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,
26  § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact
27  information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.
28

100

App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer, or relate" to the requested information.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.  The definition of "YOU" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 22:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to any internal assessments or audits YOU conducted during the COVERED PERIOD regarding compliance with any of the California wage and hour laws alleged to have been violated in the COMPLAINT.

**RESPONSE TO NO. 22:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," and "internal assessments or audits."  Defendant objects to the term "YOU" on

the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc.  Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case.  Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information.  Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request on the grounds that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

**Plaintiff's Contentions and Legal Authority:**

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Plaintiffs personnel files…Plaintiffs payroll records and wage statements…Plaintiffs time cards…Personnel files for putative class members… Payroll records and wage statements for putative class members… Time cards for putative class members…Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements."

Certainly audits conducted by Defendant regarding compliance with wage and hour laws necessarily included those materials; one could not reasonably audit meal

1  period compliance without looking at timekeeping records given the employer's

2  obligation to maintain records of meal periods. . *Donohue v. Amn Servs.*, 11 Cal.5th

3  58 (2001).Thus, Defendant admits that the documents sought are relevant and this

4  demonstrates that Defendant's objections lack a good faith basis. Defendant cannot

5  seriously insist that the documents requested are not relevant or reasonably calculated

6  to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1)

7  (discoverable matters include those "relevant to any party's claim or defense").

8       The objections to this request, including the objections recited in the General

9  Objections and Qualifications, are boilerplate objections listed without stating the

10  reasons for the objections or the portions of the request to which they are asserted, as

11  required by FED. R. CIV. P. 34(b).

12       Defendant has only listed boilerplate objections and has failed to agree to

13  produce *any* documents, suggesting it is objecting to the request in its entirety.  As

14  discussed above, Defendant has asserted boilerplate objections that lack the required

15  specificity and has failed to explain or justify how the objections apply to the request.

16  FED. R. CIV. P. 34(b)(2)(C).

17       Defendant has failed to actually produce any of the requested documents, let

18  alone "all" requested documents and within the time requested.  As the responding

19  party, Defendant does not get to decide when it produces the requested documents.

20  FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d

21  1198, 1205 (1st Cir. 1994).

22       The notion that an employer can avoid discovery on a PAGA claim because the

23  aggrieved employee has not shown that the claim can be "maintained" on a

24  representative basis is without support and is contrary to the expansive view of a

25  PAGA claim held by the California Supreme Court as well as its express declination to

26  subject PAGA claims to class certification requirements. Moreover, to the extent that

27  Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

28

103

1   test such an assertion which can only be done through discovery of the relevant

2   information.

3       The terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute,"

4   "refer," "relate," and "internal assessments or audits" are either defined or of common

5   usage. The objection that "YOU" includes uninterested persons or entities is nonsense.

6   As the definition make plain, the term is defined to only include those acting on behalf

7   of Defendant Owens-Brockway Glass Container, Inc.

8       In light of the foregoing, Plaintiff intends to seek an Order that all objections,

9   including those based on privilege, be deemed waived or be overruled and that

10   Defendant produce *all* documents "as requested" and properly identify them under

11   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

12   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

13   **Defendant's Contentions and Legal Authority:**

14       Plaintiff's request for "any internal assessment or audits . . . regarding compliance

15   with any of the California wage and hour laws alleged to have been violated in the

16   COMPLAINT" seeks documents that would be protected by the attorney-client privilege

17   and/or attorney work product document.  In apparent recognition that his request seeks

18   material that would be covered by such privileges, Plaintiff suggests that by "audit" he

19   means "time records."

20       Defendant has produced time records applicable to Lemus Sr.'s employment

21   during the relevant time period.  To the extent Plaintiff seeks additional documents

22   related to other employees, he cannot do so.

23       Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

24   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

25   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

26   1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

27   to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

28

104

employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.  The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer, or relate" to the requested information.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.  The definition of "YOU" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 23:**

All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to any investigation, contact, report, complaint, claim, settlement, or legal action involving DEFENDANT and the United States Department of Labor or any other federal, state or local agency, with respect to a COVERED EMPLOYEE and compliance with any of the wage and hour laws alleged to have been violated in the COMPLAINT.

**RESPONSE TO NO. 23:**

Defendant objects to this request on the grounds that it is overbroad as to the terms  "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "any investigation," "contact," "report," "complaint," "claim," "settlement," "legal action," and "COVERED EMPLOYEE." Defendant objects to the term "DEFENDANT" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or

category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to the request on the ground that it seeks private information of third parties, including Defendant's employees and former employees, protected from disclosure by Article I, Section 1, of the California Constitution, and/or other state or federal constitutional, statutory or common law rights of privacy. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request on the grounds that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

**Plaintiff's Contentions and Legal Authority:**

The requested materials are absolutely relevant to the underlying violations. For instance, "[T]o satisfy the 'knowing and intentional' requirement [of a wage statement claim], a plaintiff 'need only plead that defendants knew of the facts underlying the alleged violation, and need not plead that defendants had knowledge that their alleged actions were unlawful.' " *Perez v. Performance Food Group, Inc.*, No. 15-cv-02390-HSG, 2016 WL 1161508, at *4 (N.D. Cal. Mar. 23, 2016) (quoting *Contreras v. Performance Food Grp., Inc.*, No. 14-cv-03380-PJH, 2014 WL 6481365, at *3 (N.D. Cal. Nov. 18, 2014)).

Even assuming that some materials are subject to the attorney client privilege or work product doctrine, e.g., as part of the defense or analysis of the complaints, certainly not all of them are and those that are not privileged should be produced.,

The terms "terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "any investigation," "contact," "report," "complaint,"

107

"claim," "settlement," "legal action," and "COVERED EMPLOYEE" are either defined or of common usage. The objection that "DEFENDANT" includes uninterested persons or entities is nonsense. As the definition make plain, the term is defined to only include those acting on behalf of Defendant Owens-Brockway Glass Container, Inc.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

## Defendant's Contentions and Legal Authority:

Plaintiff's request for "any investigation, contact, report, complaint, claim, settlement, or legal action" involving Owens-Brockway and related to a "COVERED EMPLOYEE" seeks documents that would be protected by the attorney-client privilege and/or attorney work product document.  In apparent recognition that his request seeks material that would be covered by such privileges, Plaintiff suggests that "not all" of the materials sought are covered by privilege

Defendant knows of no documents related to any actions involving Lemus Sr. related to compliance with wage and hour laws, apart from the present action.  To the extent Plaintiff seeks additional documents related to other employees, he cannot do so.

Plaintiff cannot maintain his father's PAGA claim because the PAGA action did not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

108

*See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.  The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.  The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer, or relate" to the requested information.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant

109

1   material.   The definition of "DEFENDANT" is likewise overbroad, as it includes
2   Owens-Brockway and "each of its directors, officers, agents, employees, and
3   investigators, and all other persons acting or purporting to act on its behalf."  Owens-
4   Brockway has reasonably narrowed its response to be on behalf of itself alone and no
5   other individual or entity.

6   **Request for Production No. 24:**

7       All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate
8   to any internal complaints or legal complaints filed against DEFENDANT in any
9   federal, state, or local court or with any government agency by, or on behalf of, a
10  COVERED EMPLOYEE relating to any of the wage and hour laws alleged to have been
11  violated in the COMPLAINT.

12  **RESPONSE TO NO. 24:**

13      Defendant objects to this request on the grounds that it is overbroad as to the
14  terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer,"
15  "relate," "any internal complaints," "legal complaints, and "COVERED EMPLOYEE."
16  Defendant objects to the term "DEFENDANT" on the grounds that it includes entities
17  or individuals other than Defendant Owens-Brockway Glass Container, Inc.  Defendant
18  objects to this request to the extent that it seeks documents that are neither relevant nor
19  reasonably calculated to lead to the discovery of admissible evidence.  Defendant
20  objects to this request on the grounds that it is overbroad and unduly burdensome as to
21  time and scope and responding to this request would be unreasonably time consuming,
22  burdensome, unfair and disproportionate to the needs of the case.  Defendant further
23  objects to this request on the grounds that it fails to describe with reasonable
24  particularity the item or category of items to be inspected as required by Rule
25  34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this request
26  to the extent that it seeks confidential, proprietary, and/or trade secret information.
27  Defendant objects to this request on the grounds that it is premature, as Plaintiff has not

28

1  shown this action may be maintained on a class or representative basis.  Defendant

2  objects to the request on the ground that it seeks private information of third parties,

3  including Defendant's employees and former employees, protected from disclosure by

4  Article I, Section 1, of the California Constitution, and/or other state or federal

5  constitutional, statutory or common law rights of privacy.  Defendant further objects to

6  this request on the grounds that it seeks information outside of the location at which

7  Plaintiff worked.  Defendant objects to this request on the grounds that it calls for

8  information protected from disclosure by the attorney-client privilege, the attorney-

9  work-product doctrine, and/or other applicable privileges

10 **Plaintiff's Contentions and Legal Authority:**

11       The requested materials are absolutely relevant to the underlying violations.  For

12 instance, "[T]o satisfy the 'knowing and intentional' requirement [of a wage statement

13 claim], a plaintiff 'need only plead that defendants knew of the facts underlying the

14 alleged violation, and need not plead that defendants had knowledge that their alleged

15 actions were unlawful.' " *Perez v. Performance Food Group, Inc.*, No. 15-cv-02390-

16 HSG, 2016 WL 1161508, at *4 (N.D. Cal. Mar. 23, 2016) (quoting *Contreras v.*

17 *Performance Food Grp., Inc.*, No. 14-cv-03380-PJH, 2014 WL 6481365, at *3 (N.D.

18 Cal. Nov. 18, 2014)).

19       Even assuming that some materials are subject to the attorney client privilege or

20 work product doctrine, e.g., as part of the defense or analysis of the complaints,

21 certainly not all of them are and those that are not privileged should be produced.,

22       The terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute,"

23 "refer," "relate," "any internal complaints," "legal complaints, and "COVERED

24 EMPLOYEE" are either defined or of common usage. The objection that

25 "DEFENDANT" includes uninterested persons or entities is nonsense. As the

26 definition make plain, the term is defined to only include those acting on behalf of

27 Defendant Owens-Brockway Glass Container, Inc.

28

1   In light of the foregoing, Plaintiff intends to seek an Order that all objections,

2   including those based on privilege, be deemed waived or be overruled and that

3   Defendant produce *all* documents "as requested" and properly identify them under

4   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

5   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

6   **Defendant's Contentions and Legal Authority:**

7   Plaintiff's request for all documents related to "any internal complaints or legal

8   complaints . . . by, or on behalf of, a COVERED EMPLOYEE relating to any of the

9   wage and hour laws" at issue in this action seeks documents that would be protected by

10  the attorney-client privilege and/or attorney work product document.   In apparent

11  recognition that his request seeks material that would be covered by such privileges,

12  Plaintiff suggests that "not all" of the materials sought are covered by privilege

13  Defendant knows of no documents related to any internal or legal complaints

14  involving Lemus Sr. related to compliance with wage and hour laws, apart from the

15  present action.   To the extent Plaintiff seeks additional documents related to other

16  employees, he cannot do so.

17  Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

18  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

19  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

20  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

21  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

22  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

23  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

24  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

25  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

26  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

27  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

28

at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer, or relate" to the requested information.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.   The definition of "DEFENDANT" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or

1   purporting to act on its behalf." Owens-Brockway has reasonably narrowed its response

2   to be on behalf of itself alone and no other individual or entity.

3   **Request for Production No. 25:**

4       All DOCUMENTS which discuss, describe, evidence, constitute, refer or relate

5   to any efforts to ensure compliance with any of the California wage and hour laws

6   alleged to have been violated in the COMPLAINT, including but not limited to any

7   internal emails, memoranda, policy documents, or any training or instruction provided

8   by DEFENDANT to managers, supervisors, and/or COVERED EMPLOYEES during

9   the CLASS PERIOD.

10  **RESPONSE TO NO. 25:**

11      Defendant objects to this request on the grounds that it is overbroad as to the

12  terms "All DOCUMENTS," "discuss," "describe," evidence, "constitute," "refer,"

13  "relate," "any efforts," "internal emails," "memoranda," "policy documents,"

14  "training," "instruction," and "COVERED EMPLOYEES." Defendant objects to the

15  term "DEFENDANT" on the grounds that it includes entities or individuals other than

16  Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to

17  the extent that it seeks documents that are neither relevant nor reasonably calculated to

18  lead to the discovery of admissible evidence. Defendant objects to this request on the

19  grounds that it is overbroad and unduly burdensome as to time and scope and

20  responding to this request would be unreasonably time consuming, burdensome, unfair

21  and disproportionate to the needs of the case. Defendant further objects to this request

22  on the grounds that it fails to describe with reasonable particularity the item or category

23  of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil

24  Procedure. Defendant objects to this request to the extent that it seeks confidential,

25  proprietary, and/or trade secret information. Defendant objects to this request on the

26  grounds that it is premature, as Plaintiff has not shown this action may be maintained

27  on a class or representative basis. Defendant further objects to this request on the

28

grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request on the grounds that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

**Plaintiff's Contentions and Legal Authority:**

The requested materials are absolutely relevant to the underlying violations. For instance, "[T]o satisfy the 'knowing and intentional' requirement [of a wage statement claim], a plaintiff 'need only plead that defendants knew of the facts underlying the alleged violation, and need not plead that defendants had knowledge that their alleged actions were unlawful.' " *Perez v. Performance Food Group, Inc.*, No. 15-cv-02390-HSG, 2016 WL 1161508, at *4 (N.D. Cal. Mar. 23, 2016) (quoting *Contreras v. Performance Food Grp., Inc.*, No. 14-cv-03380-PJH, 2014 WL 6481365, at *3 (N.D. Cal. Nov. 18, 2014)).

Even assuming that some materials are subject to the attorney client privilege or work product doctrine, e.g., as part of legal advice in conjunction with a defense or compliance following a complaint, certainly not all of them are and those that are not privileged should be produced.,

The terms "All DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "any efforts," "internal emails," "memoranda," "policy documents," "training," "instruction," and "COVERED EMPLOYEES" are either defined or of common usage. The objection that "DEFENDANT" includes uninterested persons or entities is nonsense. As the definition make plain, the term is defined to only include those acting on behalf of Defendant Owens-Brockway Glass Container, Inc.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under

1  FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

2  under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

3  **Defendant's Contentions and Legal Authority:**

4       Plaintiff's request for all documents related to "any efforts to ensure compliance

5  with any of the California wage and hour laws alleged to have been violated in the

6  COMPLAINT" seeks documents that would be protected by the attorney-client privilege

7  and/or attorney work product document.  In apparent recognition that his request seeks

8  material that would be covered by such privileges, Plaintiff suggests that "not all" of the

9  materials sought are covered by privilege

10       Defendant has produced the collective bargaining agreement, meal and rest break

11  policy, safety shoe communication, and LA Plant rules applicable to Lemus Sr.'s

12  employment during the relevant time period.  To the extent Plaintiff seeks additional

13  documents related to other employees, he cannot do so.

14       Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

15  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

16  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

17  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

18  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

19  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

20  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

21  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

22  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

23  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

24  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

25  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

26  action (which he cannot), any claim he now seeks to maintain based on his father's

27  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

28

Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father. Moreover, Californians have a constitutionally-protected right to privacy. *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552. The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559. The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added). Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so. As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information. Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied. The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer, or relate" to the requested information. Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material. The definition of "DEFENDANT" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

///

///

117

**Request for Production No. 26:**

Any and all DOCUMENTS which discuss, describe, evidence, constitute, refer or relate to YOUR practices regarding the creation, use, custody, preservation, and maintenance of payroll records, time records, and work schedules for COVERED EMPLOYEES during the CLASS PERIOD.

**RESPONSE TO NO. 26:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "Any and all DOCUMENTS," "discuss," "describe," evidence," "constitute," "refer," "relate," "practices," "creation," "use," "custody," "preservation," "maintenance," "payroll records," "time records," "work schedules" and "COVERED EMPLOYEES." Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it seeks confidential, proprietary, and/or trade secret information. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable

118

1  privileges

2  **Plaintiff's Contentions and Legal Authority:**

3       In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

4  documents "that Defendant may use to support its claims or defenses in this action," and

5  listed, "Plaintiffs personnel files…Plaintiffs payroll records and wage

6  statements…Plaintiffs time cards…Personnel files for putative class members… Payroll

7  records and wage statements for putative class members… Time cards for putative class

8  members…Defendant's relevant employment policies, including those governing meal

9  periods, rest breaks, timekeeping, and expense reimbursements."

10       Certainly audits conducted by Defendant regarding compliance with wage and

11  hour laws necessarily included those materials; one could not reasonably audit meal

12  period compliance without looking at timekeeping records given the employer's

13  obligation to maintain records of meal periods. . *Donohue v. Amn Servs.*, 11 Cal.5th

14  58 (2001).Thus, Defendant admits that the documents sought are relevant and this

15  demonstrates that Defendant's objections lack a good faith basis. Defendant cannot

16  seriously insist that the documents requested are not relevant or reasonably calculated

17  to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1)

18  (discoverable matters include those "relevant to any party's claim or defense").

19       The objections to this request, including the objections recited in the General

20  Objections and Qualifications, are boilerplate objections listed without stating the

21  reasons for the objections or the portions of the request to which they are asserted, as

22  required by FED. R. CIV. P. 34(b).

23       Defendant has only listed boilerplate objections and has failed to agree to

24  produce *any* documents, suggesting it is objecting to the request in its entirety.  As

25  discussed above, Defendant has asserted boilerplate objections that lack the required

26  specificity and has failed to explain or justify how the objections apply to the request.

27  FED. R. CIV. P. 34(b)(2)(C).

28

1   Defendant has failed to actually produce any of the requested documents, let
2   alone "all" requested documents and within the time requested.  As the responding
3   party, Defendant does not get to decide when it produces the requested documents.
4   FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d
5   1198, 1205 (1st Cir. 1994).

6   The notion that an employer can avoid discovery on a PAGA claim because the
7   aggrieved employee has not shown that the claim can be "maintained" on a
8   representative basis is without support and is contrary to the expansive view of a
9   PAGA claim held by the California Supreme Court as well as its express declination to
10  subject PAGA claims to class certification requirements. Moreover, to the extent that
11  Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to
12  test such an assertion which can only be done through discovery of the relevant
13  information.

14  The terms "Any and all DOCUMENTS," "discuss," "describe," evidence,"
15  "constitute," "refer," "relate," "practices," "creation," "use," "custody," "preservation,"
16  "maintenance," "payroll records," "time records," "work schedules" and "COVERED
17  EMPLOYEES" are either defined or of common usage.

18  In light of the foregoing, Plaintiff intends to seek an Order that all objections,
19  including those based on privilege, be deemed waived or be overruled and that
20  Defendant produce *all* documents "as requested" and properly identify them under
21  FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions
22  under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

23  **Defendant's Contentions and Legal Authority:**

24  Defendant has produced wage statements and time records to Lemus Sr.'s
25  employment during the relevant time period.  To the extent Plaintiff seeks additional
26  documents related to other employees, he cannot do so.

27

28

120

Plaintiff cannot maintain his father's PAGA claim because the PAGA action did not survive his father's death, and is non-assignable. *See Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1. Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005. Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action. *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941. Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely. *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father. Moreover, Californians have a constitutionally-protected right to privacy. *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552. The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559. The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added). Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so. As Plaintiff cannot represent Owens-

121

Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which discuss, describe, evidence, constitute, refer, or relate" to the requested information.  Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material.  The definition of "YOUR" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 27:**

All DOCUMENTS which discuss, define, or describe the job duties, qualifications, requirements, responsibilities, and/or essential job functions for each and all of the COVERED POSITIONS during the COVERED PERIOD, including but not limited to job descriptions, lists of job duties, job ads or listings, job opening notifications, and/or lists of essential job functions.

**RESPONSE TO NO. 27:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "discuss," "define," "describe," "job duties," "qualifications," "requirements," "responsibilities," "essential job functions," "each and all of the COVERED POSITIONS," "job descriptions," "lists of job duties," "job ads or listings," "job opening notifications," and "lists of essential job functions."  Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to

122

1   time and scope and responding to this request would be unreasonably time consuming,

2   burdensome, unfair and disproportionate to the needs of the case.  Defendant further

3   objects to this request on the grounds that it fails to describe with reasonable

4   particularity the item or category of items to be inspected as required by Rule

5   34(b)(1)(A) of the Federal Rules of Civil Procedure.  Defendant objects to this request

6   to the extent that it seeks confidential, proprietary, and/or trade secret information.

7   Defendant objects to this request on the grounds that it is premature, as Plaintiff has not

8   shown this action may be maintained on a class or representative basis.  Defendant

9   further objects to this request on the grounds that it seeks information outside of the

10  location at which Plaintiff worked.  Defendant objects to this request to the extent that

11  it calls for information protected from disclosure by the attorney-client privilege, the

12  attorney-work-product doctrine, and/or other applicable privileges.

13      Subject to and without waiving the foregoing general and specific objections,

14  Defendant responds as follows:  Defendant will produce the job descriptions for the

15  position Plaintiff held, and the collective bargaining agreements applicable to

16  Plaintiff's position, that have been in effect during the time period from November 13,

17  2016 to the present.

18  **Plaintiff's Contentions and Legal Authority:**

19      Defendant stated it would "produce the job descriptions for the position Plaintiff

20  held, and the collective bargaining agreements applicable to Plaintiff's position, that

21  have been in effect during the time period from November 13, 2016 to the present," but

22  it has not done so. At minimum, it should be compelled to comply with its response.

23      In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

24  documents "that Defendant may use to support its claims or defenses in this action," and

25  listed, "Plaintiffs personnel files…Personnel files for putative class members."

26      Certainly personnel files would have the responsive documents including job

27  duties even if as part of performance reviews r the like. Thus, Defendant admits that

28

1    the documents sought are relevant and this demonstrates that Defendant's objections

2    lack a good faith basis. Defendant cannot seriously insist that the documents requested

3    are not relevant or reasonably calculated to lead to the discovery of admissible

4    evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to

5    any party's claim or defense").

6          The objections to this request, including the objections recited in the General

7    Objections and Qualifications, are boilerplate objections listed without stating the

8    reasons for the objections or the portions of the request to which they are asserted, as

9    required by FED. R. CIV. P. 34(b).

10         Defendant has only listed boilerplate objections and has failed to agree to

11   produce *any* documents, suggesting it is objecting to the request in its entirety.  As

12   discussed above, Defendant has asserted boilerplate objections that lack the required

13   specificity and has failed to explain or justify how the objections apply to the request.

14   FED. R. CIV. P. 34(b)(2)(C).

15         Defendant has failed to actually produce any of the requested documents, let

16   alone "all" requested documents and within the time requested.  As the responding

17   party, Defendant does not get to decide when it produces the requested documents.

18   FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d

19   1198, 1205 (1st Cir. 1994).

20         The notion that an employer can avoid discovery on a PAGA claim because the

21   aggrieved employee has not shown that the claim can be "maintained" on a

22   representative basis is without support and is contrary to the expansive view of a

23   PAGA claim held by the California Supreme Court as well as its express declination to

24   subject PAGA claims to class certification requirements. Moreover, to the extent that

25   Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

26   test such an assertion which can only be done through discovery of the relevant

27   information.

28

124

1   The terms All DOCUMENTS," "discuss," "define," "describe," "job duties,"

2   "qualifications," "requirements," "responsibilities," "essential job functions," "each and

3   all of the COVERED POSITIONS," "job descriptions," "lists of job duties," "job ads or

4   listings," "job opening notifications," and "lists of essential job functions" are either

5   defined or of common usage.

6   In light of the foregoing, Plaintiff intends to seek an Order that all objections,

7   including those based on privilege, be deemed waived or be overruled and that

8   Defendant produce *all* documents "as requested" and properly identify them under

9   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

10   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

11   **Defendant's Contentions and Legal Authority:**

12   Defendant has produced the job description applicable to Lemus Sr.'s

13   employment during the relevant time period.  To the extent Plaintiff seeks additional

14   documents related to other employees, he cannot do so.

15   Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

16   not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

17   46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

18   1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

19   to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

20   employed by Owens-Brockway, did not experience any alleged Labor Code violations,

21   and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

22   *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

23   46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

24   has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

25   Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

26   at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

27   action (which he cannot), any claim he now seeks to maintain based on his father's

28

1   employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

2   Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

3   5513635 at \*6; *Bush*, 2018 WL 2047807 at \*14.

4          Because Plaintiff lacks standing to represent any other employee in a PAGA

5   action, he cannot seek discovery as to any employee other than his father.  Moreover,

6   Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

7   § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

8   information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

9   App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

10  ***in a particular case there may be special reason to limit or postpone a representative***

11  ***plaintiff's access to contact information for those he or she seeks to represent***[.]"

12  *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

13  lacks standing to represent *any* employee of Owens-Brockway, and has not been

14  deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

15  Brockway employees in this matter, there is no countervailing interest to those

16  employees' privacy rights that would militate in favor of producing their confidential

17  information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

18  than Plaintiff's father) must be denied.

19         The request is also overbroad, in that it seeks "all DOCUMENTS which discuss,

20  describe, evidence, constitute, refer, or relate" to the requested information.  Such a

21  broad request seeking "all DOCUMENTS" could implicate any number of documents,

22  including privileged, confidential, or irrelevant material.  The definition of "YOUR" is

23  likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers,

24  agents, employees, and investigators, and all other persons acting or purporting to act on

25  its behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of

26  itself alone and no other individual or entity.

27  ///

28

**Request for Production No. 30:**

All DOCUMENTS which constitute, evidence, or refer to any settlement agreements or releases obtained from COVERED EMPLOYEES which YOU contend cover any of the claims alleged in the COMPLAINT.

**RESPONSE TO NO. 30:**

Defendant objects to this request on the grounds that it is overbroad as to the terms "All DOCUMENTS," "constitute," "evidence," "refer," "any settlement agreements or releases," and "COVERED EMPLOYEES." Defendant objects to the term "YOU" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to the request on the ground that it seeks private information of third parties, including Defendant's employees and former employees, protected from disclosure by Article I, Section 1, of the California Constitution, and/or other state or federal constitutional, statutory or common law rights of privacy. Defendant objects to this request on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this request on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to this request on the grounds that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

**Plaintiff's  Contentions and Legal Authority:**

Settlement agreements and releases re relevant to the extent that Defendant intends to assert same as a defense and so Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to

128

1   test such an assertion which can only be done through discovery of the relevant

2   information.

3        The terms "All DOCUMENTS," "constitute," "evidence," "refer," "any

4   settlement agreements or releases," and "COVERED EMPLOYEES" are either defined

5   or of common usage.

6        In light of the foregoing, Plaintiff intends to seek an Order that all objections,

7   including those based on privilege, be deemed waived or be overruled and that

8   Defendant produce *all* documents "as requested" and properly identify them under

9   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

10  under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

11  **Defendant's Contentions and Legal Authority:**

12       Defendant knows of no documents applicable to Lemus Sr.  To the extent Plaintiff

13  seeks additional documents related to other employees, he cannot do so.

14       Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

15  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

16  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

17  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

18  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

19  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

20  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

21  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

22  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

23  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

24  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

25  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

26  action (which he cannot), any claim he now seeks to maintain based on his father's

27  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

28

Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father. Moreover, Californians have a constitutionally-protected right to privacy. *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552. The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559. The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added). Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so. As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information. Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The request is also overbroad, in that it seeks "all DOCUMENTS which constitute, evidence, or refer to" the requested material. Such a broad request seeking "all DOCUMENTS" could implicate any number of documents, including privileged, confidential, or irrelevant material. The definition of "YOU" is likewise overbroad, as it includes Owens-Brockway and "each of its directors, officers, agents, employees, and investigators, and all other persons acting or purporting to act on its behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Request for Production No. 31:**

All DOCUMENTS bearing PLAINTIFF's signature.

**RESPONSE TO NO. 31:**

Defendant objects to this request on the grounds that it is overbroad as to the term "All DOCUMENTS." Defendant objects to this request to the extent that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this request would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant further objects to this request on the grounds that it fails to describe with reasonable particularity the item or category of items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. Defendant objects to this request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine, and/or other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce Plaintiff's personnel file.

**Plaintiff's  Contentions and Legal Authority:**

Defendant stated it would "produce Plaintiff's personnel file," but it has not done so. At minimum, it should be compelled to comply with its response. Thus, Defendant admits that at least some of the documents sought are relevant and this demonstrates that Defendant's objections lack a good faith basis. Defendant cannot seriously insist that the documents requested are not relevant or reasonably calculated to lead to the discovery of admissible evidence.  See FED. R. CIV. P. 26(b)(1) (discoverable matters include those "relevant to any party's claim or defense").

The objections to this request, including the objections recited in the General Objections and Qualifications, are boilerplate objections listed without stating the reasons for the objections or the portions of the request to which they are asserted, as required by FED. R. CIV. P. 34(b).

Defendant has only listed boilerplate objections and has failed to agree to produce *any* documents, suggesting it is objecting to the request in its entirety.  As discussed above, Defendant has asserted boilerplate objections that lack the required specificity and has failed to explain or justify how the objections apply to the request. FED. R. CIV. P. 34(b)(2)(C).

Defendant has failed to actually produce any of the requested documents, let alone "all" requested documents and within the time requested.  As the responding party, Defendant does not get to decide when it produces the requested documents. FED. R. CIV. P. 34(b); *Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1205 (1st Cir. 1994).

The notion that an employer can avoid discovery on a PAGA claim because the aggrieved employee has not shown that the claim can be "maintained" on a representative basis is without support and is contrary to the expansive view of a PAGA claim held by the California Supreme Court as well as its express declination to subject PAGA claims to class certification requirements. Moreover, to the extent that Defendant seeks to challenge "maintainability" Plaintiff must be afforded the ability to test such an assertion which can only be done through discovery of the relevant information.

The term "All DOCUMENTS is defined.

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived or be overruled and that Defendant produce *all* documents "as requested" and properly identify them under FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

## Defendant's  Contentions and Legal Authority:

Defendant has produced Lemus Sr.'s personnel file.

1   Defendants objections are proper.  The request is overbroad, in that it seeks "all

2   DOCUMENTS" bearing Lemus Sr.'s signature, rather than documents specified in

3   California Labor Code section 432.  Plaintiff's reference to "all DOCUMENTS" could

4   implicate any number of documents, including privileged, confidential, or irrelevant

5   material.

6   **Request for Production No. 32:**

7   PLAINTIFF's PERSONNEL FILE.

8   **RESPONSE TO NO. 32:**

9   Defendant objects to this request on the grounds that it is overbroad as to the

10  terms "PERSONNEL FILE."  Defendant objects to this request to the extent that it

11  seeks documents that are neither relevant nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Defendant objects to this request on the grounds that

13  it is overbroad and unduly burdensome as to time and scope and responding to this

14  request would be unreasonably time consuming, burdensome, unfair and

15  disproportionate to the needs of the case.  Defendant further objects to this request on

16  the grounds that it fails to describe with reasonable particularity the item or category of

17  items to be inspected as required by Rule 34(b)(1)(A) of the Federal Rules of Civil

18  Procedure. Defendant objects to this request to the extent that it calls for information

19  protected from disclosure by the attorney-client privilege, the attorney-work-product

20  doctrine, and/or other applicable privileges.

21  Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds as follows: Defendant will produce Plaintiff's personnel file.

23  **Plaintiff's  Contentions and Legal Authority:**

24  Defendant stated it would "produce Plaintiff's personnel file," but it has not done

25  so. At minimum, it should be compelled to comply with its response.

26  In light of the foregoing, Plaintiff intends to seek an Order that all objections,

27  including those based on privilege, be deemed waived or be overruled and that

28

133

1   Defendant produce *all* documents "as requested" and properly identify them under

2   FED. R. CIV. P. 34(b)(2)(E)(i).  Plaintiff also intends to seek appropriate sanctions

3   under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

4   **Defendant's  Contentions and Legal Authority:**

5       Defendant has produced Lemus Sr.'s personnel file.

6       Defendants objections are proper.  The request is overbroad in its definition of

7   "PERSONNEL FILE."

8   <div align="center">**SPECIAL INTERROGATORIES**</div>

9   **Special Interrogatory No. 1:**

10       IDENTIFY all of YOUR business locations within the State of California where

11   COVERED EMPLOYEES worked during the COVERED PERIOD.[5]

12   **RESPONSE TO NO. 1:**

13       Defendant objects to this interrogatory on the grounds that it is overbroad as to

14   the terms "IDENTIFY" and "COVERED EMPLOYEES."  Defendant objects to the

15   term "YOUR" on the grounds that it includes entities or individuals other than

16   Defendant Owens-Brockway Glass Container, Inc.  To the extent Defendant responds

17   to an interrogatory, it does so for itself alone and no other entity or individual.

18   Defendant objects to this interrogatory on the grounds that it is overbroad and unduly

19   burdensome as to time and scope and responding to this interrogatory would be

20   unreasonably time consuming, burdensome, unfair and disproportionate to the needs of

21   the case.  Defendant objects to this interrogatory on the grounds that it is premature, as

22   Plaintiff has not shown this action may be maintained on a class or representative basis.

23   Defendant further objects to this interrogatory on the grounds that it seeks information

24   outside of the location at which Plaintiff worked.

25    

26    

27   [5] Plaintiff agrees to limit the COVERED PERIOD for each interrogatory to the PAGA

28       period (November 13, 2019 to the present).

<div align="center">134</div>

1    Subject to and without waiving the foregoing general and specific objections,

2    Defendant responds as follows:  From November 13, 2016 to the present, Defendant's

3    California non-exempt employees have worked at facilities located in Tracy, Fairfield,

4    and Los Angeles.

5    **Plaintiff's Contentions and Legal Authority:**

6    Defendant stated it would, "produce its policies related to meal periods and rest

7    breaks, and the collective bargaining agreements applicable to Plaintiff's position, that

8    have been in effect during the time period from November 13, 2016 to the present," but

9    it has not done so. At minimum, it should be compelled to comply with its response.

10   The objections to this Interrogatory, including the objections recited in the

11   Preliminary Statement, are boilerplate objections listed without stating the reasons for

12   the objections or the portions of the interrogatory to which they are asserted, as

13   required by FED. R. CIV. P. 33(b)(4).  Objections are meritless if stated without

14   explaining in detail how they apply to the interrogatory.  See, e.g., *Swackhammer v.*

15   *Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films*

16   *Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to

17   interrogatories must be specific and supported by detailed explanations of why the

18   interrogatories are objectionable").  The requirement that grounds for objections must

19   be stated with specificity equally applies to objections based on privilege.  See, e.g.,

20   *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa.

21   1992) (work product protection denied for failure to identify specific privileged

22   documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982)

23   (blanket claim of attorney-client privilege improper).

24   In light of the foregoing, Plaintiff intends to seek an Order that all objections,

25   including those based on privilege, be deemed waived and that Defendant answer this

26   Interrogatory fully and under oath with respect to each aggrieved employee.  See FED.

27   R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co.*, 780 F.2d 520 (5th Cir. 1986);

28

135

1   *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536 (S.D.W.Va. 2005).  Plaintiff

2   also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and

3   37(a)(4).

4   **Defendant's  Contentions and Legal Authority:**

5       Owens-Brockway  has  provided  information  on  the  location  of  its  facilities.

6   Plaintiff now seeks the addresses of these facilities.  The information is irrelevant as to

7   the location where Lemus Sr. worked, but in any event Plaintiff is aware of his father's

8   former work location.

9       Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

10  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

11  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

12  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

13  to  pursue  the  PAGA  claim  alleged  in  the  complaint,  because  Plaintiff  was  never

14  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

15  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

16  *See Cal. Lab. Code § 2699(c); Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

17  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

18  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

19  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

20  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

21  action (which he cannot), any claim he now seeks to maintain based on his father's

22  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

23  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

24  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

25      Because Plaintiff lacks standing to represent any other employee in a PAGA

26  action, he cannot seek discovery as to any employee other than his father.  Moreover,

27  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

28

§ 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The interrogatory is also overbroad based on its definition of "YOU," as it includes Owens-Brockway and "each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on Owens-Brockway Glass Container, Inc.'s behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.  The interrogatory is also overbroad as to the term "IDENTIFY," which includes subparts.

**Special Interrogatory No. 4:**

IDENTIFY all COVERED EMPLOYEES.

**RESPONSE TO NO. 4:**

Defendant objects to this interrogatory on the grounds that it is overbroad as to the terms "IDENTIFY" and "COVERED EMPLOYEES." Defendant objects to the term "IDENTIFY" on the grounds that the terms causes the interrogatory to have multiple discrete subparts. By rule, a party may serve no more than 25 interrogatories on any other party, including "all discrete subparts." See Fed. R. Civ. P. 33(a)(1).

137

1   Defendant objects to this interrogatory on the grounds that it is overbroad and unduly

2   burdensome as to time and scope and responding to this interrogatory would be

3   unreasonably time consuming, burdensome, unfair and disproportionate to the needs of

4   the case.  Defendant objects to this interrogatory on the grounds that it is premature, as

5   Plaintiff has not shown this action may be maintained on a class or representative basis.

6   Defendant further objects to this interrogatory on the grounds that it seeks information

7   outside of the location at which Plaintiff worked.  Defendant objects to the

8   interrogatory on the ground that it seeks private information of third parties, including

9   Defendant's employees and former employees, protected from disclosure by Article I,

10   Section 1, of the California Constitution, and/or other state or federal constitutional,

11   statutory or common law rights of privacy.

12   Subject to and without waiving the foregoing general and specific objections,

13   Defendant responds as follows:  Defendant will meet and confer regarding a mailing

14   and administration of a mutually agreeable privacy notice to a sample of its non-exempt

15   California employees.  Defendant will produce contact information for employees in

16   the sample who do not opt-out of disclosure of their contact information, subject to

17   entry of a protective order.

18   **Plaintiff's Contentions and Legal Authority:**

19   Defendant stated it would, "Defendant will meet and confer regarding a mailing

20   and administration of a mutually agreeable privacy notice to a sample of its non-

21   exempt California employees. Defendant will produce contact information for

22   employees in the sample who do not opt-out of disclosure of their contact information,

23   subject to entry of a protective order.," but it has not done so. At minimum, it should be

24   compelled to comply with its  response.

25   However, Plaintiff is entitled to the information sought without a *Belaire West*

26   notice procedure. A protective order adequately protects the privacy interests of class

27   members.  As the court in *Goro v. Flowers Foods, Inc.*, 2018 WL 3956018 (S.D. Cal.

28

Aug. 17, 2018) recently explained, "courts in [the Ninth] circuit have held that a protective order…sufficiently protects putative class members and aggrieved employees in the confidentiality of their contact information."  *Id.* at *9; *see also Austin v. Foodliner, Inc.*, 2018 WL 1168694, at *2 (N.D. Cal. Mar. 6, 2018) (holding *Belaire-West* notice was not required when plaintiffs requested putative class members and PAGA aggrieved employees' telephone numbers because a protective order would sufficiently protect the privacy interests at stake); *Minns v. Advanced Clinical Employment Staffing LLC*, 2014 WL 4352343, at *2 (N.D. Cal. May 9, 2014) ("Courts have held that producing discovery pursuant to a protective order is one way to protect the privacy interests of putative class members."); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (collecting cases); *Currie-White v. Blockbuster, Inc.*, 2010 WL 1526314 at *4 (N.D. Cal. April 15, 2010) (finding that a protective order adequately address privacy concerns).

The objections to this Interrogatory, including the objections recited in the Preliminary Statement, are boilerplate objections listed without stating the reasons for the objections or the portions of the interrogatory to which they are asserted, as required by FED. R. CIV. P. 33(b)(4).  Objections are meritless if stated without explaining in detail how they apply to the interrogatory.  See, e.g., *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to interrogatories must be specific and supported by detailed explanations of why the interrogatories are objectionable").  The requirement that grounds for objections must be stated with specificity equally applies to objections based on privilege.  See, e.g., *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa. 1992) (work product protection denied for failure to identify specific privileged documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982) (blanket claim of attorney-client privilege improper).

1  In light of the foregoing, Plaintiff intends to seek an Order that all objections,

2  including those based on privilege, be deemed waived and that Defendant answer this

3  Interrogatory fully and under oath with respect to each aggrieved employee.  See FED.

4  R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co.*, 780 F.2d 520 (5th Cir. 1986);

5  *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536 (S.D.W.Va. 2005).  Plaintiff

6  also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and

7  37(a)(4).

8  **Defendant's Contentions and Legal Authority:**

9  Plaintiff is not entitled to any contact information of current or former employees

10  of Owens-Brockway, as he does not have standing to pursue a PAGA representative

11  action.  Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

12  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

13  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

14  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

15  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

16  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

17  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

18  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

19  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

20  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

21  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

22  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

23  action (which he cannot), any claim he now seeks to maintain based on his father's

24  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

25  Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL

26  5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

27

28

140

1    Because Plaintiff lacks standing to represent any other employee in a PAGA

2    action, he cannot seek discovery as to any employee other than his father.  Moreover,

3    Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

4    § 1; *Williams*, 3 Cal. 5th at 552.  The protection extends to employee contact

5    information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

6    App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

7    ***in a particular case there may be special reason to limit or postpone a representative***

8    ***plaintiff's access to contact information for those he or she seeks to represent***[.]"

9    *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

10   lacks standing to represent *any* employee of Owens-Brockway, and has not been

11   deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

12   Brockway employees in this matter, there is no countervailing interest to those

13   employees' privacy rights that would militate in favor of producing their confidential

14   information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

15   than Plaintiff's father) must be denied.

16   The interrogatory is also overbroad as to the term "IDENTIFY," which includes

17   subparts.

18   **Special Interrogatory No. 6:**

19   Describe in detail YOUR policies for providing meal periods for COVERED

20   EMPLOYEES during the COVERED PERIOD.

21   **RESPONSE TO NO. 6:**

22   Defendant objects to this interrogatory on the grounds that it is overbroad as to

23   the terms "IDENTIFY" and "COVERED EMPLOYEES."  Defendant objects to the

24   term "YOUR" on the grounds that it includes entities or individuals other than

25   Defendant Owens-Brockway Glass Container, Inc.  To the extent Defendant responds

26   to an interrogatory, it does so for itself alone and no other entity or individual.

27   Defendant objects to the term "IDENTIFY" on the grounds that the terms causes the

28

141

1   interrogatory to have multiple discrete subparts.  By rule, a party may serve no more

2   than 25 interrogatories on any other party, including "all discrete subparts."  *See* Fed.

3   R. Civ. P. 33(a)(1).  Defendant objects to this interrogatory on the grounds that it is

4   overbroad and unduly burdensome as to time and scope and responding to this

5   interrogatory would be unreasonably time consuming, burdensome, unfair and

6   disproportionate to the needs of the case.  Defendant objects to this interrogatory on the

7   grounds that it is premature, as Plaintiff has not shown this action may be maintained

8   on a class or representative basis. Defendant further objects to this interrogatory on the

9   grounds that it seeks information outside of the location at which Plaintiff worked.

10       Subject to and without waiving the foregoing general and specific objections,

11   Defendant responds as follows:  Defendant will produce its policies governing meal

12   periods and rest breaks, and the collective bargaining agreements applicable to

13   Plaintiff's employment, during the time period of November 13, 2016 to the present.

14   **Plaintiff's Contentions and Legal Authority:**

15       Defendant stated it would "produce its policies governing meal periods and rest

16   breaks, and the collective bargaining agreements applicable to Plaintiff's employment,

17   during the time period of November 13, 2016 to the present," but it has not done so. At

18   minimum, it should be compelled to comply with its response. Moreover, given that it

19   has said it would provide the underlying policies, it makes no sense for it to refuse to

20   provide the substance of the very same policies in a written response.

21       In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

22   documents "that Defendant may use to support its claims or defenses in this action," and

23   listed, "Defendant's relevant employment policies, including those governing **meal**

24   **periods**, rest breaks,  timekeeping, and expense reimbursements."

25       All of the terms in the interrogatory to which objection is made are either defined

26   or common usage.  The term IDENTIFY" does not create subparts. Although Rule 33(a)

27   states that "discrete subparts" should be counted as separate interrogatories, it does not

28

define that term. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 442-43 (C.D. Cal. 1998) (noting that the extensive use of subparts could defeat the purpose of the numerical limit contained in Rule 33(a) by rendering it meaningless, while also recognizing that if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted). However, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco*, 181 F.R.D. at 445); see *Montgomery v. Wal-Mart Stores, Inc.*, No. 12cv3057-JLS-DHB, 2015 WL 11233384, at *3 (S.D. Cal. July 17, 2015); *Makaeff v. Trump Univ., LLC*, No. 10cv940-GPC-WVG, 2014 WL 3490356, at *4 (S.D. Cal. July 11, 2014). "Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question." *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 297 (N.D. Cal. 2016).

The objections to this Interrogatory, including the objections recited in the Preliminary Statement, are boilerplate objections listed without stating the reasons for the objections or the portions of the interrogatory to which they are asserted, as required by FED. R. CIV. P. 33(b)(4).  Objections are meritless if stated without explaining in detail how they apply to the interrogatory.  See, e.g., *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to interrogatories must be specific and supported by detailed explanations of why the interrogatories are objectionable").  The requirement that grounds for objections must be stated with specificity equally applies to objections based on privilege.  See, e.g., *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa. 1992) (work product protection denied for failure to identify specific privileged documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982)

1  (blanket claim of attorney-client privilege improper).

2  In light of the foregoing, Plaintiff intends to seek an Order that all objections,

3  including those based on privilege, be deemed waived and that Defendant answer this

4  Interrogatory fully and under oath with respect to each aggrieved employee.  See FED.

5  R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co*., 780 F.2d 520 (5th Cir. 1986);

6  *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536 (S.D.W.Va. 2005).  Plaintiff

7  also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and

8  37(a)(4).

9  **Defendant's Contentions and Legal Authority:**

10  Owens-Brockway has produced its meal and rest break policy and the collective

11  bargaining agreement applicable to Lemus Sr.'s employment during the relevant time

12  period.  To the extent Plaintiff seeks additional information related to other employees,

13  he cannot do so.

14  Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

15  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

16  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

17  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

18  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

19  employed by Owens-Brockway, did not experience any alleged Labor Code violations,

20  and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.

21  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*,

22  46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he

23  has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal.

24  Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th

25  at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA

26  action (which he cannot), any claim he now seeks to maintain based on his father's

27  employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ.

28

Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that *in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent*[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The interrogatory is also overbroad based on its definition of "YOUR," as it includes Owens-Brockway and "each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on Owens-Brockway Glass Container, Inc.'s behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Special Interrogatory No. 7:**

Describe in detail YOUR policies for providing rest periods for COVERED EMPLOYEES during the COVERED PERIOD.

///

145

**RESPONSE TO NO. 7:**

Defendant objects to this interrogatory on the grounds that it is overbroad as to the terms "IDENTIFY" and "COVERED EMPLOYEES." Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. To the extent Defendant responds to an interrogatory, it does so for itself alone and no other entity or individual. Defendant objects to the term "IDENTIFY" on the grounds that the terms causes the interrogatory to have multiple discrete subparts. By rule, a party may serve no more than 25 interrogatories on any other party, including "all discrete subparts." *See* Fed. R. Civ. P. 33(a)(1). Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this interrogatory would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant objects to this interrogatory on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this interrogatory on the grounds that it seeks information outside of the location at which Plaintiff worked.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant will produce its policies governing meal periods and rest breaks, and the collective bargaining agreements applicable to Plaintiff's employment, during the time period of November 13, 2016 to the present.

**Plaintiff's Contentions and Legal Authority:**

Defendant stated it would "produce its policies governing meal periods and rest breaks, and the collective bargaining agreements applicable to Plaintiff's employment, during the time period of November 13, 2016 to the present," but it has not done so. At minimum, it should be compelled to comply with its response. Moreover, given that it has said it would provide the underlying policies, it makes no sense for it to refuse to provide the substance of the very same policies in a written response.

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Defendant's relevant employment policies, including those governing meal periods, **rest breaks,** timekeeping, and expense reimbursements."

All of the terms in the interrogatory to which objection is made are either defined or common usage.  The term IDENTIFY" is not used in this interrogatory and even if it were, it does not create subparts. Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 442-43 (C.D. Cal. 1998) (noting that the extensive use of subparts could defeat the purpose of the numerical limit contained in Rule 33(a) by rendering it meaningless, while also recognizing that if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted). However, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco*, 181 F.R.D. at 445); see *Montgomery v. Wal-Mart Stores, Inc.*, No. 12cv3057-JLS-DHB, 2015 WL 11233384, at *3 (S.D. Cal. July 17, 2015); *Makaeff v. Trump Univ., LLC*, No. 10cv940-GPC-WVG, 2014 WL 3490356, at *4 (S.D. Cal. July 11, 2014). "Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question." *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 297 (N.D. Cal. 2016).

The objections to this Interrogatory, including the objections recited in the Preliminary Statement, are boilerplate objections listed without stating the reasons for the objections or the portions of the interrogatory to which they are asserted, as required by FED. R. CIV. P. 33(b)(4).  Objections are meritless if stated without explaining in detail how they apply to the interrogatory.  See, e.g., *Swackhammer v.*

147

*Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films
Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to
interrogatories must be specific and supported by detailed explanations of why the
interrogatories are objectionable").  The requirement that grounds for objections must
be stated with specificity equally applies to objections based on privilege.  See, e.g.,
*Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa.
1992) (work product protection denied for failure to identify specific privileged
documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982)
(blanket claim of attorney-client privilege improper).

In light of the foregoing, Plaintiff intends to seek an Order that all objections,
including those based on privilege, be deemed waived and that Defendant answer this
Interrogatory fully and under oath with respect to each aggrieved employee.  See FED.
R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co.*, 780 F.2d 520 (5th Cir. 1986);
*Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536 (S.D.W.Va. 2005).  Plaintiff
also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and
37(a)(4).

**Defendant's Contentions and Legal Authority:**

Owens-Brockway has produced its meal and rest break policy and the collective
bargaining agreement applicable to Lemus Sr.'s employment during the relevant time
period.  To the extent Plaintiff seeks additional information related to other employees,
he cannot do so.

Plaintiff cannot maintain his father's PAGA claim because the PAGA action did
not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,
46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at
1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing
to pursue the PAGA claim alleged in the complaint, because Plaintiff was never
employed by Owens-Brockway, did not experience any alleged Labor Code violations,

and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.  The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The interrogatory is also overbroad based on its definition of "YOUR," as it includes Owens-Brockway and "each of its affiliates, attorneys, accountants, divisions,

149

subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on Owens-Brockway Glass Container, Inc.'s behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Special Interrogatory No. 8:**

Describe in detail YOUR policies regarding the payment of WAGES to COVERED EMPLOYEES during the COVERED PERIOD.

[Definitions:  "WAGES" is defined as, "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation," and including minimum wages, overtimes wages, and in addition to all amounts which are not for labor performed, e.g., an additional hour of pay at the employee's regular rate of compensation for each workday that a meal or rest or recovery period is not provided paid pursuant to Labor Code section 226.7.]

**RESPONSE TO NO. 8:**

Defendant objects to this interrogatory on the grounds that it is overbroad as to the terms "WAGES" and "COVERED EMPLOYEES."  Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc.  To the extent Defendant responds to an interrogatory, it does so for itself alone and no other entity or individual.  Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this interrogatory would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant objects to this interrogatory on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this interrogatory on the grounds that it seeks information outside of the location at which Plaintiff worked.

1       Subject to and without waiving the foregoing general and specific objections,

2   Defendant responds as follows:  Defendant will produce the collective bargaining

3   agreements applicable to Plaintiff's employment during the time period of November

4   13, 2016 to the present.

5   **Plaintiff's Contentions and Legal Authority:**

6       Defendant stated it would "produce the collective bargaining agreements

7   applicable to Plaintiff's employment during the time period of November 13, 2016 to

8   the present," but it has not done so. Given that it has said it would provide the underlying

9   policies, it makes no sense for it to refuse to provide the substance of the very same

10  policies in a written response. Likewise, Defendant also stated it would "produce its

11  policies governing meal periods and rest breaks, and the collective bargaining

12  agreements applicable to Plaintiff's employment, during the time period of November

13  13, 2016 to the present," but it has not done so. Given that it has said it would provide

14  the underlying policies, it makes no sense for it to refuse to provide the substance of the

15  very same policies in a written response.

16      In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

17  documents "that Defendant may use to support its claims or defenses in this action,"

18  and listed, "Plaintiffs personnel files…**Plaintiffs payroll records and wage**

19  **statements**…Plaintiffs time cards…Personnel files for putative class members…

20  **Payroll records and wage statements for putative class members**… Time cards for

21  putative class members…Defendant's relevant employment policies, including those

22  governing meal periods, rest breaks, timekeeping, and expense reimbursements."   All

23  of the terms in the interrogatory to which objection is made are either defined or

24  common usage.

25      The objections to this Interrogatory, including the objections recited in the

26  Preliminary Statement, are boilerplate objections listed without stating the reasons for

27  the objections or the portions of the interrogatory to which they are asserted, as

28

<center>151</center>

1  required by FED. R. CIV. P. 33(b)(4).  Objections are meritless if stated without

2  explaining in detail how they apply to the interrogatory.  See, e.g., *Swackhammer v.*

3  *Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films*

4  *Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to

5  interrogatories must be specific and supported by detailed explanations of why the

6  interrogatories are objectionable").  The requirement that grounds for objections must

7  be stated with specificity equally applies to objections based on privilege.  See, e.g.,

8  *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa.

9  1992) (work product protection denied for failure to identify specific privileged

10  documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982)

11  (blanket claim of attorney-client privilege improper).

12      In light of the foregoing, Plaintiff intends to seek an Order that all objections,

13  including those based on privilege, be deemed waived and that Defendant answer this

14  Interrogatory fully and under oath with respect to each aggrieved employee.  See FED.

15  R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co.*, 780 F.2d 520 (5th Cir. 1986);

16  *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536 (S.D.W.Va. 2005).  Plaintiff

17  also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and

18  37(a)(4).

19  **Defendant's Contentions and Legal Authority:**

20      Owens-Brockway has produced the collective bargaining agreement applicable

21  to Lemus Sr.'s employment during the relevant time period.  To the extent Plaintiff

22  seeks additional information related to other employees, he cannot do so.

23      Plaintiff cannot maintain his father's PAGA claim because the PAGA action did

24  not survive his father's death, and is non-assignable.  *See Amalgamated Transit Union*,

25  46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at

26  1266; *Estate of Harrington*, 2017 WL 5513635 at *1.  Moreover, Plaintiff lacks standing

27  to pursue the PAGA claim alleged in the complaint, because Plaintiff was never

28

employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005.  Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941.  Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.  The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The interrogatory is also overbroad based on its definition of "YOUR," as it includes Owens-Brockway and "each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on Owens-Brockway Glass Container, Inc.'s behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity.

**Special Interrogatory No. 9:**

IDENTIFY all of YOUR employees who created YOUR wage and hour policies for COVERED EMPLOYEES which were in effect during the COVERED PERIOD.

**RESPONSE TO NO. 9:**

Defendant objects to this interrogatory on the grounds that it is overbroad as to the terms "IDENTIFY," "COVERED EMPLOYEES," and "wage and hour policies." Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. To the extent Defendant responds to an interrogatory, it does so for itself alone and no other entity or individual. Defendant objects to the term "IDENTIFY" on the grounds that the terms causes the interrogatory to have multiple discrete subparts. By rule, a party may serve no more than 25 interrogatories on any other party, including "all discrete subparts." *See* Fed. R. Civ. P. 33(a)(1). Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this interrogatory would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant objects to this interrogatory on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this interrogatory on the grounds that it seeks information outside of the location at which Plaintiff worked. Defendant objects to the interrogatory on the ground that it seeks private information of third parties, including Defendant's employees and former employees, protected from

disclosure by Article I, Section 1, of the California Constitution, and/or other state or federal constitutional, statutory or common law rights of privacy.

**Plaintiff's Contentions and Legal Authority:**

In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described documents "that Defendant may use to support its claims or defenses in this action," and listed, "Plaintiffs personnel files…**Plaintiffs payroll records and wage statements**…Plaintiffs time cards…Personnel files for putative class members… **Payroll records and wage statements for putative class members**… Time cards for putative class members…Defendant's relevant employment policies, including those governing meal periods, rest breaks, timekeeping, and expense reimbursements."   All of the terms in the interrogatory to which objection is made are either defined or common usage.

Given that Defendant admits the relevance of the policies it is no leap to the relevance of the identity of those that created the policies. Moreover, these persons are witnesses and the right to privacy cannot be used to shield them from discovery.

All of the terms in the interrogatory to which objection is made are either defined or common usage.  The term IDENTIFY" does not create subparts. Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define that term. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 442-43 (C.D. Cal. 1998) (noting that the extensive use of subparts could defeat the purpose of the numerical limit contained in Rule 33(a) by rendering it meaningless, while also recognizing that if all subparts count as separate interrogatories, the use of interrogatories might be unduly restricted). However, "courts generally agree that 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco*, 181 F.R.D. at 445); see *Montgomery v. Wal-Mart Stores, Inc.*, No. 12cv3057-JLS-DHB, 2015 WL

11233384, at *3 (S.D. Cal. July 17, 2015); *Makaeff v. Trump Univ., LLC*, No. 10cv940-GPC-WVG, 2014 WL 3490356, at *4 (S.D. Cal. July 11, 2014). "Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question." *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 297 (N.D. Cal. 2016).

The objections to this Interrogatory, including the objections recited in the Preliminary Statement, are boilerplate objections listed without stating the reasons for the objections or the portions of the interrogatory to which they are asserted, as required by FED. R. CIV. P. 33(b)(4). Objections are meritless if stated without explaining in detail how they apply to the interrogatory. See, e.g., *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to interrogatories must be specific and supported by detailed explanations of why the interrogatories are objectionable"). The requirement that grounds for objections must be stated with specificity equally applies to objections based on privilege. See, e.g., *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa. 1992) (work product protection denied for failure to identify specific privileged documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982) (blanket claim of attorney-client privilege improper).

In light of the foregoing, Plaintiff intends to seek an Order that all objections, including those based on privilege, be deemed waived and that Defendant answer this Interrogatory fully and under oath with respect to each aggrieved employee. See FED. R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co.*, 780 F.2d 520 (5th Cir. 1986); *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536 (S.D.W.Va. 2005). Plaintiff also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and 37(a)(4).

///

**Defendant's Contentions and Legal Authority:**

The identity of the individuals who created Owens-Brockway's wage and hour policies are irrelevant to Plaintiff's claims. Given that many policies are the result of collective bargaining, which involves numerous individuals, the interrogatory is also overbroad and unduly burdensome. To the extent attorneys were involved in drafting the polices, the interrogatory also implicates attorney-client privilege and attorney work product. The interrogatory is further overbroad and burdensome, in that it seeks the identity of those who created any wage and hour policy, rather than policies related to the claims alleged in this action.

To the extent Plaintiff seeks information related to policies applicable to employees other than his father, he cannot do so. Plaintiff cannot maintain his father's PAGA claim because the PAGA action did not survive his father's death, and is non-assignable. *See Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1. Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim. *See Cal. Lab. Code § 2699(c); Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005. Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action. *See Cal. Lab. Code § 2699.3(a)(1); Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941. Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely. *See Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father. Moreover, Californians have a constitutionally-protected right to privacy. *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552. The protection extends to employee contact information. *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559. The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added). Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so. As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information. Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied. The interrogatory is also overbroad based on its definition of "YOUR," as it includes Owens-Brockway and "each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on Owens-Brockway Glass Container, Inc.'s behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity. The interrogatory is also overbroad as to the term "IDENTIFY," which includes subparts.

**Special Interrogatory No. 10:**

Describe in detail YOUR policies regarding the recording of hours worked by COVERED EMPLOYEES during the COVERED PERIOD.

**RESPONSE TO NO. 10:**

Defendant objects to this interrogatory on the grounds that it is overbroad as to the term "COVERED EMPLOYEES." Defendant objects to the term "YOUR" on the

1  grounds that it includes entities or individuals other than Defendant Owens-Brockway

2  Glass Container, Inc.  To the extent Defendant responds to an interrogatory, it does so

3  for itself alone and no other entity or individual.  Defendant objects to this interrogatory

4  on the grounds that it is overbroad and unduly burdensome as to time and scope and

5  responding to this interrogatory would be unreasonably time consuming, burdensome,

6  unfair and disproportionate to the needs of the case.  Defendant objects to this

7  interrogatory on the grounds that it is premature, as Plaintiff has not shown this action

8  may be maintained on a class or representative basis.  Defendant further objects to this

9  interrogatory on the grounds that it seeks information outside of the location at which

10 Plaintiff worked.

11      Subject to and without waiving the foregoing general and specific objections,

12 Defendant responds as follows:  Employees are expected and required to record all

13 hours worked using time clocks in the facilities.

14 **Plaintiff's Contentions and Legal Authority:**

15      In its Rule 26 initial disclosures (Exh. D to Brooks Decl), Defendant described

16 documents "that Defendant may use to support its claims or defenses in this action,"

17 and listed, "Plaintiffs personnel files…Plaintiffs payroll records and wage

18 statements…**Plaintiffs time cards**…Personnel files for putative class members…

19 Payroll records and wage statements for putative class members… **Time cards for**

20 **putative class members**…**Defendant's relevant employment policies**, including

21 those governing meal periods, rest breaks, **timekeeping**, and expense

22 reimbursements." As it admits the relevance of the requested information, it makes no

23 sense for it to refuse to provide the substance of the very same policies in a written

24 response.

25      The objections to this Interrogatory, including the objections recited in the

26 Preliminary Statement, are boilerplate objections listed without stating the reasons for

27 the objections or the portions of the interrogatory to which they are asserted, as

28

1    required by FED. R. CIV. P. 33(b)(4).  Objections are meritless if stated without

2    explaining in detail how they apply to the interrogatory.  See, e.g., *Swackhammer v.*

3    *Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films*

4    *Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to

5    interrogatories must be specific and supported by detailed explanations of why the

6    interrogatories are objectionable").  The requirement that grounds for objections must

7    be stated with specificity equally applies to objections based on privilege.  See, e.g.,

8    *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa.

9    1992) (work product protection denied for failure to identify specific privileged

10    documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982)

11    (blanket claim of attorney-client privilege improper).

12       In light of the foregoing, Plaintiff intends to seek an Order that all objections,

13    including those based on privilege, be deemed waived and that Defendant answer this

14    Interrogatory fully and under oath with respect to each aggrieved employee.  See FED.

15    R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co*., 780 F.2d 520 (5th Cir. 1986);

16    *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536 (S.D.W.Va. 2005).  Plaintiff

17    also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and

18    37(a)(4).

19    **Defendant's Contentions and Legal Authority:**  Owens-Brockway   provided   a

20    response to Plaintiff's interrogatory.  Plaintiff has not articulated any issue with the

21    nature of that responses.

22       To the extent Plaintiff seeks information related to policies applicable to

23    employees other than his father, he cannot do so.  Plaintiff cannot maintain his father's

24    PAGA claim because the PAGA action did not survive his father's death, and is non-

25    assignable.  *See Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80

26    Cal. App. 5th at 792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL

27    5513635 at *1.  Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged

28

in the complaint, because Plaintiff was never employed by Owens-Brockway, did not experience any alleged Labor Code violations, and therefore is not an "aggrieved employee" with standing to pursue a PAGA claim.  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005. Plaintiff also lacks standing to pursue a PAGA claim because he has not exhausted the administrative requirements for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App. 5th at 59; *Hutchison*, 74 Cal. App. 5th at 941. Even assuming Plaintiff could exhaust the requirements for bringing a PAGA action (which he cannot), any claim he now seeks to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code § 2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792; *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

Because Plaintiff lacks standing to represent any other employee in a PAGA action, he cannot seek discovery as to any employee other than his father.  Moreover, Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1, § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal. App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that ***in a particular case there may be special reason to limit or postpone a representative plaintiff's access to contact information for those he or she seeks to represent***[.]" *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff lacks standing to represent *any* employee of Owens-Brockway, and has not been deputized by the State of California to do so.  As Plaintiff cannot represent Owens-Brockway employees in this matter, there is no countervailing interest to those employees' privacy rights that would militate in favor of producing their confidential information.  Accordingly, all discovery as to any employee of Owens-Brockway (other than Plaintiff's father) must be denied.

The interrogatory is also overbroad based on its definition of "YOUR," as it includes Owens-Brockway and "each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all persons acting or purporting to act on Owens-Brockway Glass Container, Inc.'s behalf." Owens-Brockway has reasonably narrowed its response to be on behalf of itself alone and no other individual or entity. The interrogatory is also overbroad as to the term "IDENTIFY," which includes subparts.

**Special Interrogatory No. 11:**

Describe in detail YOUR POLICIES regarding the determination of COVERED EMPLOYEES' regular rate of pay for overtime purposes during the COVERED PERIOD, including but not limited to all types of WAGES and compensation included in any calculation of COVERED EMPLOYEES' regular rate of pay.

**RESPONSE TO NO. 11:**

Defendant objects to this interrogatory on the grounds that it is overbroad as to the terms "COVERED EMPLOYEES" and "WAGES." Defendant objects to the term "YOUR" on the grounds that it includes entities or individuals other than Defendant Owens-Brockway Glass Container, Inc. To the extent Defendant responds to an interrogatory, it does so for itself alone and no other entity or individual. Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome as to time and scope and responding to this interrogatory would be unreasonably time consuming, burdensome, unfair and disproportionate to the needs of the case. Defendant objects to this interrogatory on the grounds that it is premature, as Plaintiff has not shown this action may be maintained on a class or representative basis. Defendant further objects to this interrogatory on the grounds that it seeks information outside of the location at which Plaintiff worked.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Defendant calculates its employees' regular rate of pay

1  in accordance with law using a formula that accounts for total compensation and total

2  hours worked, subject to any provisions of the collective bargaining agreement

3  applicable to each employees' employment.

4  **Plaintiff's Contentions and Legal Authority:**

5      Defendant's response is inadequate. The self-serving response that its

6  calculations are "in accordance with law" and that accounts for "total compensation

7  and total hours worked," fails to provide the formula used. Plaintiff is entitled to

8  discovery on the formula uses.

9      For instance, Defendant states it uses "total hours worked" which may or may

10 not be lawful under California law where it uses "total hours worked". See, e.g.,

11 *Alvarado v. Dart Container Corp. of Cal.,* 4 Cal.5th 542, 569 (2018) ("But defendant's

12 formula—using total hours, including overtime hours, as the divisor when determining

13 the per-hour value of a flat-sum bonus—must be rejected because it results in a

14 progressively decreasing regular rate of pay as the number of overtime hours increases,

15 thus undermining the state's policy of discouraging overtime work.").

16     The objections to this Interrogatory, including the objections recited in the

17 Preliminary Statement, are boilerplate objections listed without stating the reasons for

18 the objections or the portions of the interrogatory to which they are asserted, as

19 required by FED. R. CIV. P. 33(b)(4).  Objections are meritless if stated without

20 explaining in detail how they apply to the interrogatory.  See, e.g., *Swackhammer v.*

21 *Sprint Corp. PCS*, 225 F.R.D. 658, 660-661 (D.Kan. 2004); *Burns v. Imagine Films*

22 *Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to

23 interrogatories must be specific and supported by detailed explanations of why the

24 interrogatories are objectionable").  The requirement that grounds for objections must

25 be stated with specificity equally applies to objections based on privilege.  See, e.g.,

26 *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 268 (E.D.Pa.

27 1992) (work product protection denied for failure to identify specific privileged

28

163

1   documents); *In re Shopping Carts Antitrust Litig.*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982)

2   (blanket claim of attorney-client privilege improper).

3         In light of the foregoing, Plaintiff intends to seek an Order that all objections,

4   including those based on privilege, be deemed waived and that Defendant answer this

5   Interrogatory fully and under oath with respect to each aggrieved employee.  See FED.

6   R. CIV. P. 33(b)(3); see *Dial v. Travelers Indem. Co.*, 780 F.2d 520 (5th Cir. 1986);

7   *Saria v. Massachusetts Mut. Life Ins. Co.,* 228 F.R.D. 536 (S.D.W.Va. 2005).  Plaintiff

8   also intends to seek appropriate sanctions under FED. R. CIV. P. 26(g)(3) and

9   37(a)(4).

10   **Defendant's Contentions and Legal Authority:**

11         Owens-Brockway provided a response to Plaintiff's interrogatory.  To the extent

12   Plaintiff seeks information related to policies applicable to employees other than his

13   father, he cannot do so.  Plaintiff cannot maintain his father's PAGA claim because the

14   PAGA action did not survive his father's death, and is non-assignable.  *See*

15   *Amalgamated Transit Union*, 46 Cal. 4th at 1003 (2009); *Hargrove*, 80 Cal. App. 5th at

16   792; *Mendoza*, 865 F.3d at 1266; *Estate of Harrington*, 2017 WL 5513635 at *1.

17   Moreover, Plaintiff lacks standing to pursue the PAGA claim alleged in the complaint,

18   because Plaintiff was never employed by Owens-Brockway, did not experience any

19   alleged Labor Code violations, and therefore is not an "aggrieved employee" with

20   standing to pursue a PAGA claim.  *See* Cal. Lab. Code § 2699(c); *Iskanian*, 59 Cal. 4th

21   at 387; *Amalgamated Transit Union*, 46 Cal. 4th at 1005.  Plaintiff also lacks standing

22   to pursue a PAGA claim because he has not exhausted the administrative requirements

23   for bringing a PAGA action.  *See* Cal. Lab. Code § 2699.3(a)(1); *Esparza*, 36 Cal. App.

24   5th at 59; *Hutchison*, 74 Cal. App. 5th at 941.  Even assuming Plaintiff could exhaust

25   the requirements for bringing a PAGA action (which he cannot), any claim he now seeks

26   to maintain based on his father's employment would be untimely.  *See* Cal. Lab. Code §

27

28

1  2699.3(a)(1)(A); Cal. Code Civ. Proc., § 340(a); *Hargrove*, 80 Cal. App. 5th at 792;

2  *Estate of Harrington*, 2017 WL 5513635 at *6; *Bush*, 2018 WL 2047807 at *14.

3  Because Plaintiff lacks standing to represent any other employee in a PAGA

4  action, he cannot seek discovery as to any employee other than his father.  Moreover,

5  Californians have a constitutionally-protected right to privacy.  *See* Cal. Const., Art. 1,

6  § 1; *Williams*, 3 Cal. 5th at 552.   The protection extends to employee contact

7  information.  *See Belaire-West Landscape*, 149 Cal. App. 4th at 561; *Starbucks*, 194 Cal.

8  App. 4th at 828; *Williams*, 3 Cal. 5th at 559.  The *Williams* Court has recognized "that

9  ***in a particular case there may be special reason to limit or postpone a representative***

10 ***plaintiff's access to contact information for those he or she seeks to represent***[.]"

11 *Williams*, 3 Cal. 5th at 544 (emphasis added).  Such reasons apply here, where Plaintiff

12 lacks standing to represent *any* employee of Owens-Brockway, and has not been

13 deputized by the State of California to do so.  As Plaintiff cannot represent Owens-

14 Brockway employees in this matter, there is no countervailing interest to those

15 employees' privacy rights that would militate in favor of producing their confidential

16 information.  Accordingly, all discovery as to any employee of Owens-Brockway (other

17 than Plaintiff's father) must be denied.

18 The interrogatory is also overbroad based on its definition of "YOUR," as it

19 includes Owens-Brockway and "each of its affiliates, attorneys, accountants, divisions,

20 subdivisions, predecessors, directors, officers, employees, agents, representatives and

21 all persons acting or purporting to act on Owens-Brockway Glass Container, Inc.'s

22 behalf."  Owens-Brockway has reasonably narrowed its response to be on behalf of itself

23 alone and no other individual or entity.

165

DATED: September 12, 2022

Respectfully submitted,

MATERN LAW GROUP, PC

By: _____

Matthew J. Matern

Scott A. Brooks

Attorneys for Plaintiff

DATED: September 13, 2022

SEYFARTH SHAW LLP

By: _____

Candace Bertoldi

Elizabeth J. MacGregor

Nolan Theurer

Attorneys for Defendant

166